IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC INC., | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. _____ |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SCENTAIR TECHNOLOGIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Prolitec Inc. ("Plaintiff" or "Prolitec"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following in support of their Complaint against Defendant ScentAir Technologies, LLC ("Defendant" or "ScentAir"):

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, of U.S. Patent No. 8,855,827 ("the '827 patent"), U.S. Patent No. 9,162,004 ("the '004 patent"), U.S. Patent No. 9,480,767 ("the '767 patent"), and U.S. Patent No. 9,745,976 ("the '976 patent") (collectively, "the Asserted Patents"), owned by Plaintiff. Plaintiff asserts these patents against ScentAir for, *inter alia*, the unauthorized making, using, offering to sell, selling, and/or importing of instrumentalities practicing the subject matter claimed in the Asserted Patents ("Accused Instrumentalities").

## PARTIES

2. Prolitec is a corporation organized under the laws of Wisconsin having its principal place of business at 1235 West Canal Street, Milwaukee, WI 53233.

3. On information and belief, ScentAir is a corporation organized under the laws of the State of Delaware. ScentAir has appointed Cogency Global Inc., 850 New Burton Road, Suite

1

201, Dover, DE 19904, as its registered agent for service of process in Delaware. On information and belief, ScentAir has a place of business at 3801 Shutterfly Road, Suite 900, Charlotte, NC 28217.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 U.S.C. §§ 1, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Delaware.

6. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has established minimum contacts with the forum such that the exercise of personal jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

7. On information and belief, Defendant has regularly and purposefully availed itself of the privilege of conducting business activities within Delaware and this Judicial District. On information and belief, Defendant has purposefully availed itself of the rights and benefits of Delaware law and has engaged in systematic and continuous contacts with Delaware. On information and belief, Defendant derive substantial revenue from the sale of infringing products and/or services in Delaware and have availed themselves of the privilege of conducting business within Delaware.

8. On information and belief, personal jurisdiction is proper because ScentAir has committed acts of infringement in this Judicial District. This Court has personal jurisdiction over Defendant because, *inter alia*, this action arises from activities Defendant directed towards Delaware.

9. Exercising personal jurisdiction over Defendant in this District would not be unreasonable given Defendant's contacts in this District, the interest in this District of resolving disputes related to products and/or services sold herein, and the harm that would occur to Plaintiff in this District.

10. On information and belief, Defendant ScentAir has appointed Cogency Global Inc., 850 New Burton Road Suite 201, Dover, DE 19904, as its registered agent.

11. This Court also has personal jurisdiction over Defendant under 10 Del. C. § 3104. On information and belief, Defendant satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State,") § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), and/or § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), among other paragraphs of § 3104(c).

12. For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Defendant.

13. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant is in incorporated in the State of Delaware and thus resides in this Judicial District for purposes of venue in patent cases, and the infringing activity has occurred and continues to occur in this Judicial District.

## FACTUAL BACKGROUND

14. The USPTO issued the '827 patent on October 7, 2014. The '827 patent bears the title "System and Method of Controlling Operation of a Liquid Diffusion Appliance." A true and accurate copy of the '827 patent is attached as Exhibit 1.

15. Prolitec is the owner and assignee of all rights, title, and interest in the '827 patent, and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity .

16. The USPTO issued the '004 patent on October 20, 2015. The '004 patent bears the title "Removable Cartridge for Liquid Diffusion Device and Cartridge Insert Thereof." A true and accurate copy of the '004 patent is attached as Exhibit 2.

17. Prolitec is the owner and assignee of all rights, title, and interest in the '004 patent, and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity.

18. The USPTO issued the '767 patent on November 1, 2016. The '767 patent bears the title "Removable Cartridge and Cap Assembly for an Air Treatment Appliance." A true and accurate copy of the '767 patent is attached as Exhibit 3.

19. Prolitec is the owner and assignee of all rights, title, and interest in the '767 patent, and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity.

20. The USPTO issued the '976 patent on August 29, 2017. The '976 patent bears the title "Removable Cartridge for Liquid Diffusion Device and Cartridge Insert Thereof." A true and accurate copy of the '976 patent is attached as Exhibit 4.

21. Prolitec is the owner and assignee of all rights, title, and interest in the '976 patent, and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity.

ME1 33905153v.1

### Plaintiff Prolitec

22. Prolitec is a pioneer in the field of ambient scent solutions, enabling organizations to create uniformly scented atmospheres through computer-controlled scent delivery systems. Founded in 1996, Prolitec is a leading scent solution provider with customers in 83 countries. Customers of varying size rely on Prolitec's products to create pleasant atmospheres in both commercial and residential spaces. Prolitec maintains a leading edge in the industry through advances in scent delivery systems, including advances in liquid atomization, scent system automation, and scent cartridge management.

23. Prolitec protects these technologies and shares their benefits with the public through robust investment in patent systems around the globe. To date, Prolitec owns over 19 granted patents in the Unites States. These patents are highly regarded in the scent solution industry.

### Defendant ScentAir

24. ScentAir was founded in 2004 and sells scenting products for homes and businesses.

25. Among its scenting products, ScentAir markets the Accused Instrumentalities, including the ScentAir Breeze, a cloud-based scent delivery system.

26. ScentAir has and continues to make, use, sell, offer to sell, and/or import into the United States Accused Instrumentalities infringing the claims of the Asserted Patents. By way of nonlimiting example, the Accused Instrumentalities include the ScentAir Breeze.

ME1 33905153v.1

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 8,855,827

27. The allegations of Paragraphs 1-26 are incorporated by reference as if fully set forth herein.

28. The '827 patent is valid and enforceable.

29. The '827 patent addresses several technical problems in the field of scent and liquid diffusion devices. As one nonlimiting example, existing systems performed sub-optimally when initiating treatment of a space. *See, e.g.*, Ex. 1, 1:25-29. These systems used approached that failed to fully account for operational characteristics of a diffusion device. *Id.* Moreover, existing scent diffusion devices required connectivity between sensors and a diffusion device, causing undesirable system complexity. *See, e.g., id.*, 1:33-39. Existing systems were particularly undesirable where permanent mounting of diffusion devices was not possible. *Id.*

30. ScentAir, in violation of 35 U.S.C. § 271, has infringed and continues to infringe at least claim 4 of the '827 patent by making, using, offering to sell, selling, and/or importing the Accused Instrumentalities practicing the features claimed in the '827 patent without authority, either literally and/or under the doctrine of equivalents, either individually and/or jointly with its customers using the Accused Instrumentalities. ScentAir's infringing instrumentalities include, but are not limited to, the ScentAir Breeze product and related software. A claim chart setting forth certain nonlimiting examples of ScentAir's infringement accompanies this Complaint as Exhibit 5, herein incorporated by reference.

31. Plaintiff is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for ScentAir's infringement.

32. Plaintiff has been and continues to be damaged and irreparably harmed by ScentAir's infringement of the '827 patent. This irreparable harm will continue unless this Court enjoins Defendant.

33. ScentAir's conduct in infringing the '827 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 9,162,004

34. The allegations of Paragraphs 1-33 are incorporated by reference as if fully set forth herein.

35. The '004 patent is valid and enforceable.

36. The '004 patent addresses several technical problems in the field of liquid diffusion devices with removable cartridges having multi-functional inserts. As one nonlimiting example, existing systems suffered from several drawbacks, including reservoir refilling procedures that were messy and caused highly concentrated odors. *See, e.g.,* Ex. 2, 1:15-23. Such drawbacks not only made refilling procedures undesirable for device owners and users, but also made existing diffusion devices impractical for use in certain public and commercial settings. *See, e.g., id.*, 1:23-31.

37. ScentAir, in violation of 35 U.S.C. § 271, has infringed and continues to infringe at least claim 9 of the '004 patent by making, using, offering to sell, selling, and/or importing the Accused Instrumentalities practicing the features claimed in the '004 patent without authority, either literally and/or under the doctrine of equivalents, either individually and/or jointly with its customers using the Accused Instrumentalities. ScentAir's infringing instrumentalities include, but are not limited to, ScentAir's ScentAir Breeze product and related software. A claim chart

7

setting forth certain nonlimiting examples of ScentAir's infringement accompanies this Complaint as Exhibit 6, herein incorporated by reference.

38. Plaintiff is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for ScentAir's infringement.

39. Plaintiff has been and continues to be damaged and irreparably harmed by ScentAir's infringement of the '004 patent. This irreparable harm will continue unless this Court enjoins Defendant.

40. ScentAir's conduct in infringing the '004 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## THIRD CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. 9,480,767

41. The allegations of Paragraphs 1-40 are incorporated by reference as if fully set forth herein.

42. The '767 patent is valid and enforceable.

43. The '767 patent addresses several technical problems in the field of air treatment appliances and their removable cartridges. As one nonlimiting example, existing systems suffered drawbacks related to system complexity and cost. *See, e.g.*, Ex. 3, 1:15-24. Furthermore, existing systems included cartridges that were susceptible to leakage, tampering, fouling, and contamination. *Id*.

44. ScentAir, in violation of 35 U.S.C. § 271, has infringed and continues to infringe at least claim 16 of the '767 patent by making, using, offering to sell, selling, and/or importing the Accused Instrumentalities practicing the features claimed in the '767 patent without authority, either literally and/or under the doctrine of equivalents, either individually and/or jointly with its customers using the Accused Instrumentalities. ScentAir's infringing instrumentalities include,

but are not limited to, ScentAir's ScentAir Breeze product and related software. A claim chart setting forth certain nonlimiting examples of ScentAir's infringement accompanies this Complaint as Exhibit 7, herein incorporated by reference.

45. Plaintiff is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for ScentAir's infringement.

46. Plaintiff has been and continues to be damaged and irreparably harmed by ScentAir's infringement of the '767 patent. This irreparable harm will continue unless this Court enjoins Defendant.

47. ScentAir's conduct in infringing the '767 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## FOURTH CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. 9,745,976

48. The allegations of Paragraphs 1-47 are incorporated by reference as if fully set forth herein.

49. The '976 patent is valid and enforceable.

50. The '976 patent addresses several technical problems in the field of liquid diffusion devices with removable cartridges having multi-functional inserts. As one nonlimiting example, existing systems suffered from several drawbacks, including reservoir refilling procedures that were messy and caused highly concentrated odors. *See, e.g.,* Ex. 4, 1:15-23. Such drawbacks not only made refilling procedures undesirable for device owners and users, but also made existing diffusion devices impractical for use in certain public and commercial settings. *See, e.g., id.*, 1:23-31.

51. ScentAir, in violation of 35 U.S.C. § 271, has infringed and continues to infringe at least claim 9 of the '976 patent by making, using, offering to sell, selling, and/or importing the

9

Accused Instrumentalities practicing the features claimed in the '976 patent without authority, either literally and/or under the doctrine of equivalents, either individually and/or jointly with its customers using the Accused Instrumentalities. ScentAir's infringing instrumentalities include, but are not limited to, ScentAir's ScentAir Breeze product and related software. A claim chart setting forth certain nonlimiting examples of ScentAir's infringement accompanies this Complaint as Exhibit 8, herein incorporated by reference.

52. Plaintiff is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for ScentAir's infringement.

53. Plaintiff has been and continues to be damaged and irreparably harmed by ScentAir's infringement of the '976 patent. This irreparable harm will continue unless this Court enjoins Defendant.

54. ScentAir's conduct in infringing the '976 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a) A judgment against ScentAir as to infringement of one or more claims of each of the Asserted Patents;

(b) A permanent injunction under 35 U.S.C. § 283, enjoining ScentAir and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of infringement of the Asserted Patents;

(c) A judgment against ScentAir for money damages sustained as a result of Defendant's infringement of the Asserted Patents in an amount to be determined at trial as provided under 35 U.S.C. § 284;

(d) An accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(e) An award of pre-judgment and post-judgment interest on the damages caused by ScentAir's infringing activities and other conduct complained of herein;

(f) A finding that this case is an exceptional case under 35 U.S.C. § 285;

(g) An award of reasonable attorneys' fees and costs incurred in connection with this action;

(h) A compulsory future royalty; and

(i) Any and all other relief as the Court finds just and proper, in equity or at law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

|  |  |
|---|---|
|  | McCARTER & ENGLISH, LLP |
| *Of Counsel:* | /s/ Brian R. Lemon |
|  | Michael P. Kelly (#2295) |
| J. Derek McCorquindale | Brian R. Lemon (#4730) |
| Jency J. Mathew | Alexandra M. Joyce (#6423) |
| FINNEGAN HENDERSON FARABOW | 405 N. King St., 8th Floor |
|   GARRETT & DUNNER, LLP | Wilmington, DE 19801 |
| Two Freedom Square | (302) 984-6300 |
| 11955 Freedom Dr. | mkelly@mccarter.com |
| Reston, VA 20190 | blemon@mccarter.com |
| (571) 203-2700 | ajoyce@mccarter.com |
| derek.mccorquindale@finnegan.com |  |
| jency.mathew@finnegan.com | *Counsel for Plaintiff* |

Dated: July 24, 2020