IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROLITEC INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-984-RGA |
| | ) | |
| SCENTAIR TECHNOLOGIES, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant ScentAir Technologies, LLC ("ScentAir") hereby responds to Plaintiff's Complaint as follows:

At the threshold, ScentAir identifies significant issues as to the validity of all four patents asserted by Plaintiff in this action. First, Plaintiff names as "Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir Wave, and other instrumentalities" as allegedly infringing the asserted '004, '767, and '976 patents. Of those named "Accused Instrumentalities," both the ScentAir Direct, and ScentAir Stream were known by Plaintiff to be in public use in the United States at least *three years* before the 2015 earliest filing effective filing date for the '004, '767, and '976 patents, as Plaintiff explicitly identified the ScentAir Direct and ScentAir Stream as accused instrumentalities in 2012 infringement contentions in *Prolitec Inc. v. ScentAir Tech., LLC*, Case No. 12-cv-0483-RTR (E.D. Wisc.). In other words, Plaintiff has identified known prior art to the '004, '767, and '976 patents as "Accused Instrumentalities" practicing those patents, thus *prima facie* invalidating them.

Second, Plaintiff has identified infringement of the '827 patent, a child of a patent asserted in Prolitec's action in the Eastern District of Wisconsin. That parent patent was

invalidated through *Inter Partes* Review before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board, and the invalidation was upheld by the U.S. Court of Appeals for the Federal Circuit. As such, the asserted child patent claims are likely invalid on the same grounds, and/or Plaintiff may be estopped from asserting the '827 patent.

These are just two samples of the deficiencies present in this Complaint. As to the specific allegations, ScentAir responds as follows:

## NATURE OF THE ACTION

1.  ScentAir admits that United States Patent Nos. 8,855,827 (the "'827 patent"), 9,162,004 (the "'004 patent"), 9,480,767 (the "'767 patent"), 9,745,976 (the "'976 patent") (collectively, "the Asserted Patents") are at issue in this action. ScentAir lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff owns the Asserted Patents, and therefore denies that allegation. ScentAir denies any other allegations in Paragraph 1 of the Complaint.

## PARTIES

2.  ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies those allegations.

3.  ScentAir admits that it is a corporation organized under the laws of the State of Delaware. ScentAir further admits that it has appointed Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904, as its registered agent for service of process in Delaware. ScentAir denies that it has a place of business at *3801* Shutterfly Road; however, ScentAir admits that it has a place of business at 3810 Shutterfly Road, Suite 900, Charlotte, NC 28217.

## JURISDICTION AND VENUE

4. ScentAir does not at this time contest this Court's subject matter jurisdiction. ScentAir denies any other allegations in Paragraph 4 of the Complaint.

5. ScentAir does not contest that this Court has personal jurisdiction over ScentAir. ScentAir admits that it is incorporated in the State of Delaware. ScentAir denies any other allegations in Paragraph 5 of the Complaint.

6. ScentAir does not contest that this Court has personal jurisdiction over ScentAir. For purposes of this action only, ScentAir admits that it has minimum contacts with the State of Delaware, and ScentAir does not contest that the exercise of personal jurisdiction over ScentAir will not offend traditional notions of fair play and substantial justice. ScentAir denies any other allegations in Paragraph 6 of the Complaint.

7. ScentAir does not contest that this Court has personal jurisdiction over ScentAir. For purposes of this action only, ScentAir admits that it has purposefully availed itself of the privileges of conducting business in the State of Delaware and that it regularly conducts business within the State of Delaware. ScentAir denies any other allegations in Paragraph 7 of the Complaint.

8. ScentAir does not contest that this Court has personal jurisdiction over ScentAir, but denies any allegation that there has been infringement of the Asserted Patents in this or any other Judicial District. ScentAir denies any other allegations in Paragraph 8 of the Complaint.

9. ScentAir does not contest that this Court has personal jurisdiction over ScentAir. ScentAir denies any other allegations in Paragraph 9 of the Complaint.

10. ScentAir admits that it has appointed Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904, as its registered agent for service of process in Delaware.

11. ScentAir does not contest that this Court has personal jurisdiction over ScentAir. ScentAir denies any other allegations in Paragraph 11 of the Complaint.

12. ScentAir does not contest that this Court has personal jurisdiction over ScentAir. ScentAir denies any other allegations in Paragraph 12 of the Complaint.

13. For purposes of this action only, ScentAir does not contest that venue is proper in this District, but denies any allegation that there has been infringement of the Asserted Patents in this or any other District. ScentAir denies any other allegations in Paragraph 13 of the Complaint.

## FACTUAL BACKGROUND

14. ScentAir admits that the '827 patent issued on October 7, 2014. ScentAir further admits that the '827 patent bears the title "System and Method of Controlling Operation of a Liquid Diffusion Appliance." ScentAir further admits that a copy of the '827 patent is attached to the Complaint as Exhibit 1. ScentAir denies any other allegations in Paragraph 14 of the Complaint.

15. ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies those allegations.

16. ScentAir admits that the '004 patent issued on October 20, 2015. ScentAir further admits that the '004 patent bears the title "Removable Cartridge for Liquid Diffusion Device and Cartridge Insert Thereof." ScentAir further admits that a copy of the '004 patent is attached to the Complaint as Exhibit 2. ScentAir denies any other allegations in Paragraph 16 of the Complaint.

17. ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies those allegations.

18. ScentAir admits that the '767 patent issued on November 1, 2016. ScentAir further admits that the '767 patent bears the title "Removable Cartridge and Cap Assembly for an Air Treatment Appliance." ScentAir further admits that a copy of the '767 patent is attached to the Complaint as Exhibit 3. ScentAir denies any other allegations in Paragraph 18 of the Complaint.

19. ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Complaint, and therefore denies those allegations.

20. ScentAir admits that the '976 patent issued on August 29, 2017. ScentAir further admits that the '976 patent bears the title "Removable Cartridge for Liquid Diffusion Device and Cartridge Insert Thereof." ScentAir further admits that a copy of the '976 patent is attached to the Complaint as Exhibit 4. ScentAir denies any other allegations in Paragraph 20 of the Complaint.

21. ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies those allegations.

## Plaintiff Prolitec

22. The first sentence of Paragraph 22 is a statement of opinion, not of fact, and thus does not require a response from ScentAir. To the extent that the first sentence of Paragraph 22 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 22, and therefore denies those allegations. The second sentence of Paragraph 22 also includes statements of opinion, not fact, and thus does not require a response from ScentAir. To the extent that the second sentence of Paragraph 22 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the second sentence of Paragraph 22, and

therefore denies those allegations.  The remaining sentences of Paragraph 22 are statements of opinion, not of fact, and thus do not require a response from ScentAir.  To the extent that the remaining sentences of Paragraph 22 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the remaining sentence of Paragraph 22, and therefore denies those allegations.  ScentAir denies any other allegations in Paragraph 22 of the Complaint.

23. The first sentence of Paragraph 23 is a statement of opinion, not of fact, and thus does not require a response from ScentAir.  To the extent that the first sentence of Paragraph 23 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 23, and therefore denies those allegations.  To the extent that the second sentence of Paragraph 23 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the second sentence of Paragraph 23, and therefore denies those allegations.  The last sentence of Paragraph 23 is a statement of opinion, not of fact, and thus does not require a response from ScentAir.  To the extent that the last sentence of Paragraph 22 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the last sentence of Paragraph 23, and therefore denies those allegations.  ScentAir denies any other allegations in Paragraph 23 of the Complaint.

### **Defendant ScentAir**

24. ScentAir admits that it was founded in 2004, and further admits that it sells, amongst other products and services, scenting products for homes and businesses.

25. ScentAir admits that Exhibits 5-8 of the Complaint identify as "Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir Wave, and

other instrumentalities." ScentAir further admits that it markets, among other products and services, the "Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir Wave, and other instrumentalities," but denies any allegation that there has been infringement of the Asserted Patents. ScentAir denies any other allegations in Paragraph 25 of the Complaint.

26. ScentAir admits that Exhibits 5-8 of the Complaint identify as "Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir Wave, and other instrumentalities." ScentAir denies the allegation that there has been infringement of the Asserted Patents. ScentAir denies any other allegations in Paragraph 26 of the Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,855,827

27. Defendant incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. Denied.

29. ScentAir admits that Paragraph 29 includes quotations and citations from various aspects of the '827 patent, but those quotations and citations speak for themselves. To the extent that Paragraph 29 of the Complaint includes allegations, ScentAir denies those allegations.

30. ScentAir admits that Exhibit 5 of the Complaint identifies "Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir Wave, and other instrumentalities" as allegedly infringing one or more claims of the '827 patent. ScentAir denies the allegation that there has been infringement of the '827 patent. ScentAir denies any other allegation found in Paragraph 29 and/or Exhibit 5 of the Complaint.

31. Denied.

32. Denied.

33. Denied.

## RESPONSE TO SECOND CAUSE OF ACTION

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,162,004

34. Defendant incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. Denied.

36. ScentAir admits that Paragraph 36 includes citations from various aspects of the '004 patent, but those citations speak for themselves. To the extent that Paragraph 36 of the Complaint includes allegations, ScentAir denies those allegations.

37. ScentAir admits that Exhibit 6 of the Complaint identifies "Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir Wave, and other instrumentalities" as allegedly infringing one or more claims of the '004 patent. ScentAir denies the allegation that there has been infringement of the '004 patent. ScentAir denies any other allegation found in Paragraph 37 and/or Exhibit 6 of the Complaint.

38. Denied.

39. Denied.

40. Denied.

## RESPONSE TO THIRD CAUSE OF ACTION

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,480,767

41. Defendant incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

42. Denied.

43.     ScentAir admits that Paragraph 43 includes citations to various aspects of the '767 patent, but those citations speak for themselves.  To the extent that Paragraph 43 of the Complaint includes allegations, ScentAir denies those allegations.

44.     ScentAir admits that Exhibit 7 of the Complaint identifies "Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir Wave, and other instrumentalities" as allegedly infringing one or more claims of the '767 patent.  ScentAir denies the allegation that there has been infringement of the '767 patent.  ScentAir denies any other allegation found in Paragraph 44 and/or Exhibit 7 of the Complaint.

45.     Denied.

46.     Denied.

47.     Denied.

## RESPONSE TO FOURTH CAUSE OF ACTION

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,745,976

48.     Defendant incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

49.     Denied.

50.     ScentAir admits that Paragraph 50 includes citations to various aspects of the '976 patent, but those citations speak for themselves.  To the extent that Paragraph 50 of the Complaint includes allegations, ScentAir denies those allegations.

51.     ScentAir admits that Exhibit 8 of the Complaint identifies "Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir Wave, and other instrumentalities" as allegedly infringing one or more claims of the '976 patent.  ScentAir

denies the allegation that there has been infringement of the '976 patent. ScentAir denies any other allegation found in Paragraph 51 and/or Exhibit 8 of the Complaint.

52. Denied.

53. Denied.

54. Denied.

## RESPONSE TO PRAYER FOR RELIEF

ScentAir denies that Plaintiff is entitled to any relief, including all relief sought in its prayer for relief.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, ScentAir asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### First Affirmative Defense (Failure to State a Claim)

1. Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense (Invalidity)

2. The claims of the '827 patent, '004 patent, '767 patent, and '976 patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including but not limited to §§ 101, 102, 103, 112, and/or 120 thereof.

### Third Affirmative Defense (Non-Infringement)

3. ScentAir is not infringing and has not infringed any valid claim of the '827 patent, '004 patent, '767 patent, or '976 patent, either directly or indirectly, jointly or individually, or literally or under the doctrine of equivalents.

### **Fourth Affirmative Defense (Prosecution History Estoppel)**

4. To the extent that Plaintiff alleges infringement under the doctrine of equivalents, Plaintiff's alleged cause of action is barred, including without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiations, and/or impermissible recapture. By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the '827 patent, '004 patent, '767 patent, and/or '976 patent, any application to which these patents claim priority, and any IPR or reexamination proceeding relating to the '827 patent, '004 patent, '767 patent, or '976 patent, or any patent to which these patents claim priority, Plaintiff is estopped from asserting that the '827 patent, '004 patent, '767 patent, or '976 patent covers or includes accused ScentAir product or service.

### **Fifth Affirmative Defense (Equitable Defenses)**

5. Plaintiff's claims of patent infringement are barred by doctrines of estoppel, waiver, laches, and/or other equitable doctrines, including without limitation, unclean hands and/or collateral estoppel.

### **Sixth Affirmative Defense (Limitations on Damages and Costs)**

6. Plaintiff's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

### **Seventh Affirmative Defense (Other Defenses)**

7. ScentAir expressly reserves all defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

### **DEMAND FOR JURY TRIAL**

ScentAir hereby demands a trial by jury on all issues so triable.

OF COUNSEL:
Kevin M. Bell
Nicoletta M. Kennedy
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
303-607-3291

Joshua B. Pond
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, NW Suite 900
Washington, DC 20005
202-508-5854

Kathleen R. Geyer
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
206-516-3094

Dated: September 11, 2020

/s/ Jeff Castellano
Jeff Castellano (No. 4837)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jcastellano@shawkeller.com
*Attorneys for Defendant ScentAir Technologies, LLC*