# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC INC., | ) |
|       Plaintiff, | ) CIVIL ACTION NO. 20-984-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SCENTAIR TECHNOLOGIES, LLC, | ) |
|       Defendant. | ) |

## JOINT SCHEDULING ORDER

This __1__ day of __October__ 2020, the Court having waived an initial Rule 16(b) scheduling conference on October 5, 2020, with counsel for both Plaintiff Prolitec Inc. ("Plaintiff" or "Prolitec") and Defendant ScentAir Technologies, LLC ("Defendant" or "ScentAir"), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED THAT:

1. **Prolitec Amended Complaint.** Prolitec shall file on or before **Friday, October 2, 2020**, the Prolitec Amended Complaint.

2. **ScentAir Answer to Amended Complaint or Rule 12 Motions.** ScentAir shall file on or before **Friday, October 23, 2020**, its Answer or Rule 12 motions responsive to the Prolitec Amended Complaint.

3. **Rule 26(a)(1) Initial Disclosures.** The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten days of the date of this Order.

4. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **Friday, July 30, 2021**.

5. **Discovery.**

   a. Fact Discovery Cut-off. All fact discovery in this case shall be initiated so that it will be completed on or before **Friday, November 5, 2021**.

   b. Document Production. Document production shall be substantially complete by **Friday, October 1, 2021**.

   c. Requests for Admission. A maximum of 50 requests for admission are permitted for each side for matters pursuant to Fed. R. Civ. P. 36(a)(1)(A), and an unlimited number of requests for admission are permitted for each side for matters that seek the genuineness of any descried documents pursuant to Fed. R. Civ. P. 36(a)(1)(B).

   d. Interrogatories. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

   e. Depositions.

      i. Limitations on Hours for Deposition Discovery. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination, including all depositions, whether of fact witnesses or experts, whether individual, corporate, or third-party witnesses. Any single deposition may not exceed 7 hours except for depositions conducted under Fed. R. Civ. P. 30(b)(6), which shall not exceed 14 hours per side.

      ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

ME1 34405595v.1

Exceptions to this general rule may be made by order of the Court or by agreement of the parties. Here, the parties agree to make a good faith effort to depose witnesses at a mutually convenient location, including where the witness resides or by electronic means.

        f.        <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

    If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        g.        If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference, or

(2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference.  Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement.

  h. <u>Initial Patent Disclosures</u>.

    i. Within 30 days after the Rule 16 Conference, Plaintiff shall specifically identify the accused products[1] and the asserted patent(s) they allegedly infringe and produce the file history for each asserted patent.

    ii. Within 30 days after receipt of the above, Defendant shall produce to the Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

    iii. Within 30 days after receipt of the above, Plaintiff shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    iv. Within 30 days after receipt of the above, Defendant shall produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (*e.g.*, publications, manuals, and patents).

    v. Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

---

[1] For ease of reference, the word "product" encompasses accused methods and systems as well.

      i.      <u>Final Contentions</u>. Plaintiff shall provide final infringement contentions no later than forty-five (45) days prior to the Fact Discovery Cut-off. Defendant shall provide its final invalidity contentions no later than thirty (30) days prior to the Fact Discovery Cut-off.

      j.      <u>*Inter Partes* Review:</u>  Defendant will be filing petitions for *Inter Partes* Review of all asserted patents by October 2, 2020.

6.    **Application to the Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(f) above. Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7.    **Papers Filed Under Seal**. When filing papers under seal, counsel shall deliver to the clerk the required number of copies as directed in Paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8.    **Courtesy Copies**. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*,

appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

9. **Claim Construction Issue Identification**. On or before **Friday, April 16, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **Friday, April 30, 2021**, the parties shall exchange their proposed claim construction of those term(s)/ phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **Friday, May 7, 2021**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10. **Claim Construction Briefing**.[2] Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **Friday, June 11, 2021**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **Friday, July 9, 2021**. Plaintiff shall serve, but

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with their opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

6

ME1 34405595v.1

not file, its reply brief, not to exceed 5,000 words, on **Friday, July 23, 2021.** Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **Friday, August 6, 2021**. No later than **Friday, August 20, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][3]

1. Defendants' Opening Position

2. Plaintiff's Answering Position

3. Defendants' Reply Position

4. Plaintiff's Sur-Reply Position

B. [TERM 2]

1. Defendants' Opening Position

2. Plaintiff's Answering Position

3. Defendants' Reply Position

4. Plaintiff's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

---

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

11. **Hearing on Claim Construction**. Beginning at 8:30 a.m. on **September 28, 2021**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

12. **Disclosure of Expert Testimony.**

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **Friday, December 3, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **Friday, January 21, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **Friday, February 18, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts and expert discovery shall be completed on or before **Friday, March 25, 2022**.

b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

13. **Case Dispositive Motions**. All case dispositive motions shall be served and filed on or before **Friday, April 22, 2022**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its *Daubert* and case dispositive motions.

14. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. **Pretrial Conference**. On **August 26, 2022**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframe set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

16. **Motions *in Limine***. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the

motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

17. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6:00 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

18. **Trial**. This matter is scheduled for a five-day jury trial beginning at 9:00 a.m. on **September 12, 2022**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19. **ADR Process**. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution. This matter is referred to a magistrate judge to

handle all discovery disputes except those that arise in connection with expert reports or testimony.

SO ORDERED this __1__ day of __October__, 2020.

                                            /s/ Richard G. Andrews
                                            UNITED STATES DISTRICT JUDGE