IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROLITEC INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-984-RGA |
| | ) | |
| SCENTAIR TECHNOLOGIES, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**ANSWER & COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant ScentAir Technologies, LLC ("ScentAir") hereby responds to Plaintiff's First

Amended Complaint (D.I. 19) ("Complaint") as follows:

At the threshold, ScentAir identifies significant issues as to the validity of all three

patents asserted by Plaintiff in this action.  In its Original Complaint (D.I. 1), Plaintiff named as

"Accused Instrumentalities" "the ScentAir Breeze, ScentAir Stream, ScentAir Direct, ScentAir

Wave, and other instrumentalities" as allegedly infringing the asserted '004, '767, and '976

patents.  Of those named "Accused Instrumentalities," both the ScentAir Direct, and ScentAir

Stream were known by Plaintiff to be in public use in the United States at least *three years*

before the 2015 earliest filing effective filing date for the '004, '767, and '976 patents, as

Plaintiff explicitly identified the ScentAir Direct and ScentAir Stream as accused

instrumentalities in 2012 infringement contentions in *Prolitec Inc. v. ScentAir Tech., LLC*, Case

No. 12-cv-0483-RTR (E.D. Wisc.).  In other words, Plaintiff identified ScentAir's own known

prior art to the '004, '767, and '976 patents as "Accused Instrumentalities" practicing those

patents, thus *prima facie* invalidating them.  With its Amended Complaint, Plaintiff has dropped

- 1 -

its original claims as to all but the ScentAir Breeze, but those original claims to this Court nonetheless *prima facie* invalidate all three asserted patents.[1]

Not only did these ScentAir products precede any alleged invention of Plaintiff's three asserted patents, substantial printed prior publications from others invalidate them as well.  On October 2, 2020, ScentAir filed three petitions to the U.S. Patent & Trademark Office for *Inter Partes* Review of the asserted patents (IPR2021-12, -13, and -14)—institution decisions are expected in the Spring of 2021.  Moreover, Plaintiff's Aera Diffuser Smart system infringes three of ScentAir's own patents, as set forth in its counterclaims hereby presented.

As to the specific allegations of Prolitec's Complaint, ScentAir responds as follows:

## **NATURE OF THE ACTION**

1.      ScentAir admits that United States Patent Nos. 9,162,004 (the "'004 patent"), 9,480,767 (the "'767 patent"), and 9,745,976 (the "'976 patent") (collectively, "the Prolitec Asserted Patents") are at issue in this action.  ScentAir lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff owns the Prolitec Asserted Patents, and therefore denies that allegation.  ScentAir denies any other allegations in Paragraph 1 of the Complaint.

## **PARTIES**

2.      ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies those allegations.

---

[1] With its Amended Complaint, Plaintiff has also dropped its original claims as to U.S. Patent No. 8,855,827, a child of a patent asserted in Prolitec's action in the Eastern District of Wisconsin.  That parent patent was invalidated through *Inter Partes* Review before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board, and the invalidation was upheld by the U.S. Court of Appeals for the Federal Circuit.

3.      ScentAir admits that it is a corporation organized under the laws of the State of

Delaware.  ScentAir further admits that it has appointed Cogency Global Inc., 850 New Burton

Road, Suite 201, Dover, DE 19904, as its registered agent for service of process in Delaware.

ScentAir denies that it has a place of business at *3801* Shutterfly Road; however, ScentAir

admits that it has a place of business at 3810 Shutterfly Road, Suite 900, Charlotte, NC 28217.

## JURISDICTION AND VENUE

4.      ScentAir does not at this time contest this Court's subject matter jurisdiction.

ScentAir denies any other allegations in Paragraph 4 of the Complaint.

5.      ScentAir does not contest that this Court has personal jurisdiction over ScentAir.

ScentAir admits that it is incorporated in the State of Delaware.  ScentAir denies any other

allegations in Paragraph 5 of the Complaint.

6.      ScentAir does not contest that this Court has personal jurisdiction over ScentAir.

For purposes of this action only, ScentAir admits that it has minimum contacts with the State of

Delaware, and ScentAir does not contest that the exercise of personal jurisdiction over ScentAir

will not offend traditional notions of fair play and substantial justice.  ScentAir denies any other

allegations in Paragraph 6 of the Complaint.

7.      ScentAir does not contest that this Court has personal jurisdiction over ScentAir.

For purposes of this action only, ScentAir admits that it has purposefully availed itself of the

privileges of conducting business in the State of Delaware and that it regularly conducts business

within the State of Delaware.  ScentAir denies any other allegations in Paragraph 7 of the

Complaint.

8.      ScentAir does not contest that this Court has personal jurisdiction over ScentAir,

but denies any allegation that there has been infringement of the Prolitec Asserted Patents in this

or any other Judicial District.  ScentAir denies any other allegations in Paragraph 8 of the Complaint.

9.      ScentAir does not contest that this Court has personal jurisdiction over ScentAir. ScentAir denies any other allegations in Paragraph 9 of the Complaint.

10.     ScentAir admits that it has appointed Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904, as its registered agent for service of process in Delaware.

11.     ScentAir does not contest that this Court has personal jurisdiction over ScentAir. ScentAir denies any other allegations in Paragraph 11 of the Complaint.

12.     ScentAir does not contest that this Court has personal jurisdiction over ScentAir. ScentAir denies any other allegations in Paragraph 12 of the Complaint.

13.     For purposes of this action only, ScentAir does not contest that venue is proper in this District, but denies any allegation that there has been infringement of the Prolitec Asserted Patents in this or any other District.  ScentAir denies any other allegations in Paragraph 13 of the Complaint.

**FACTUAL BACKGROUND**

14.     ScentAir admits that the '004 patent issued on October 20, 2015.  ScentAir further admits that the '004 patent bears the title "Removable Cartridge for Liquid Diffusion Device and Cartridge Insert Thereof."  ScentAir further admits that a copy of the '004 patent is attached to the Complaint as Exhibit 1.  ScentAir denies any other allegations in Paragraph 14 of the Complaint.

15.     ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies those allegations.

16.     ScentAir admits that the '767 patent issued on November 1, 2016.  ScentAir further admits that the '767 patent bears the title "Removable Cartridge and Cap Assembly for an Air Treatment Appliance."  ScentAir further admits that a copy of the '767 patent is attached to the Complaint as Exhibit 2.  ScentAir denies any other allegations in Paragraph 16 of the Complaint.

17.     ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies those allegations.

18.     ScentAir admits that the '976 patent issued on August 29, 2017.  ScentAir further admits that the '976 patent bears the title "Removable Cartridge for Liquid Diffusion Device and Cartridge Insert Thereof."  ScentAir further admits that a copy of the '976 patent is attached to the Complaint as Exhibit 3.  ScentAir denies any other allegations in Paragraph 18 of the Complaint.

19.     ScentAir lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Complaint, and therefore denies those allegations.

**Plaintiff Prolitec**

20.     The first sentence of Paragraph 20 is a statement of opinion, not of fact, and thus does not require a response from ScentAir.  To the extent that the first sentence of Paragraph 20 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 20, and therefore denies those allegations.  The second sentence of Paragraph 20 also includes statements of opinion, not fact, and thus does not require a response from ScentAir.  To the extent that the second sentence of Paragraph 20 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the second sentence of Paragraph 20, and

therefore denies those allegations.  The remaining sentences of Paragraph 20 are statements of opinion, not of fact, and thus do not require a response from ScentAir.  To the extent that the remaining sentences of Paragraph 20 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the remaining sentence of Paragraph 20, and therefore denies those allegations.  ScentAir denies any other allegations in Paragraph 20 of the Complaint.

21.     The first sentence of Paragraph 21 is a statement of opinion, not of fact, and thus does not require a response from ScentAir.  To the extent that the first sentence of Paragraph 21 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 21, and therefore denies those allegations.  To the extent that the second sentence of Paragraph 21 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the second sentence of Paragraph 21, and therefore denies those allegations.  The last sentence of Paragraph 21 is a statement of opinion, not of fact, and thus does not require a response from ScentAir.  To the extent that the last sentence of Paragraph 22 includes statements of facts, ScentAir lacks knowledge of information sufficient to form a belief about the truth of the allegations of the last sentence of Paragraph 21, and therefore denies those allegations. ScentAir denies any other allegations in Paragraph 21 of the Complaint.

**Defendant ScentAir**

22.     ScentAir admits that it was founded in 2004, and further admits that it sells, amongst other products and services, scenting products for homes and businesses.

23.     ScentAir admits that it markets, among other products and services, the "Accused Instrumentality" ScentAir Breeze but denies any allegation that there has been infringement of

the Prolitec Asserted Patents.  ScentAir denies any other allegations in Paragraph 23 of the Complaint.

24.      ScentAir denies the allegation that there has been infringement of the Prolitec Asserted Patents.  ScentAir denies any other allegations in Paragraph 24 of the Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,162,004

25.      Defendant incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26.      Denied.

27.      ScentAir admits that Paragraph 27 includes citations from various aspects of the '004 patent, but those citations speak for themselves.  To the extent that Paragraph 27 of the Complaint includes allegations, ScentAir denies those allegations.

28.      ScentAir admits that Exhibit 4 of the Complaint identifies "Accused Instrumentality" ScentAir Breeze as allegedly infringing one or more claims of the '004 patent.  ScentAir denies the allegation that there has been infringement of the '004 patent.  ScentAir denies any other allegation found in Paragraph 28 and/or Exhibit 4 of the Complaint.

29.      Denied.

30.      Denied.

31.      Denied.

## RESPONSE TO SECOND CAUSE OF ACTION

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,480,767

32.      Defendant incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33.     Denied.

34.     ScentAir admits that Paragraph 34 includes citations to various aspects of the '767 patent, but those citations speak for themselves.  To the extent that Paragraph 34 of the Complaint includes allegations, ScentAir denies those allegations.

35.     ScentAir admits that Exhibit 5 of the Complaint identifies "Accused Instrumentalities" ScentAir Breeze as allegedly infringing one or more claims of the '767 patent. ScentAir denies the allegation that there has been infringement of the '767 patent.  ScentAir denies any other allegation found in Paragraph 35 and/or Exhibit 5 of the Complaint.

36.     Denied.

37.     Denied.

38.     Denied.

<u>**RESPONSE TO THIRD CAUSE OF ACTION**</u>

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,745,976**

39.     Defendant incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40.     Denied.

41.     ScentAir admits that Paragraph 41 includes citations to various aspects of the '976 patent, but those citations speak for themselves.  To the extent that Paragraph 41 of the Complaint includes allegations, ScentAir denies those allegations.

42.     ScentAir admits that Exhibit 6 of the Complaint identifies "Accused Instrumentality" ScentAir Breeze as allegedly infringing one or more claims of the '976 patent. ScentAir denies the allegation that there has been infringement of the '976 patent.  ScentAir denies any other allegation found in Paragraph 42 and/or Exhibit 6 of the Complaint.

43.     Denied.

44.     Denied.

45.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

ScentAir denies that Plaintiff is entitled to any relief, including all relief sought in its

prayer for relief.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, ScentAir asserts the following defenses,

without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### First Affirmative Defense (Failure to State a Claim)

1.      Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense (Invalidity)

2.      The claims of the '004 patent, '767 patent, and '976 patent are invalid for failure

to comply with one or more requirements of Title 35, United States Code, including but not

limited to §§ 101, 102, 103, 112, and/or 120 thereof.

### Third Affirmative Defense (Non-Infringement)

3.      ScentAir is not infringing and has not infringed any valid claim of the '004 patent,

'767 patent, or '976 patent, either directly or indirectly, jointly or individually, or literally or

under the doctrine of equivalents.

### Fourth Affirmative Defense (Prosecution History Estoppel)

4.      To the extent that Plaintiff alleges infringement under the doctrine of equivalents,

Plaintiff's alleged cause of action is barred, including without limitation, by way of example,

under the doctrine of prosecution history estoppel, claim vitiations, and/or impermissible

recapture.  By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the '004 patent, '767 patent, and/or '976 patent, any application to which these patents claim priority, and any IPR or reexamination proceeding relating to the '004 patent, '767 patent, or '976 patent, or any patent to which these patents claim priority, Plaintiff is estopped from asserting that the '004 patent, '767 patent, or '976 patent covers or includes accused ScentAir product or service.

**Fifth Affirmative Defense (Equitable Defenses)**

5.      Plaintiff's claims of patent infringement are barred by doctrines of estoppel, waiver, laches, and/or other equitable doctrines, including without limitation, unclean hands and/or collateral estoppel.

**Sixth Affirmative Defense (Limitations on Damages and Costs)**

6.      Plaintiff's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

**Seventh Affirmative Defense (Other Defenses)**

7.      ScentAir expressly reserves all defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## COUNTERCLAIMS

1.     ScentAir hereby pleads the following counterclaims against Prolitec, and alleges as follows.

### Nature of the Counterclaims

2.     This is an action for declaratory relief of (a) invalidity and (b) non-infringement arising from Prolitec's assertion of infringement in the Complaint ("the Declaratory Judgment Counterclaims").

3.     This is a further action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, by Prolitec of U.S. Patent No. 9,446,162 (the "'162 Patent"), 9,460,404 (the "'404 Patent"), and U.S. Patent No. 9,927,789 (the "'789 Patent") (collectively, "the ScentAir Asserted Patents"), owned by ScentAir ("the Infringement Counterclaims").

4.      Prolitec has engaged in the unauthorized making, using, offering to sell, selling, and/or importing of instrumentalities practicing the subject matter claimed in the ScentAir Asserted Patents, including the Aera Diffuser Smart (the "Aera Smart") and its associated software application and servers (collectively, "the Aera System").

### Parties

5.     ScentAir Technologies, LLC is a limited liability company organized under the laws of the State of Delaware, with a principal place of business at 3810 Shutterfly Road, Suite 900, Charlotte, NC 28217.

6.     Upon information and belief, and as alleged in its Complaint, Prolitec Inc. is a corporation organized under the laws of Wisconsin having its principal place of business at 1235 West Canal Street, Milwaukee, WI 53233.

7.      On information and belief, Prolitec is the owner of the AERA trademark registration (Registration No. 5087192) and application (Application Serial No. 88783397), and the AERAFORHOME trademark registration (Registration No. 5814186).

8.      On information and belief, Prolitec manufactures, sells, and maintains the Aera Smart product, available for sale in the United States and this District at https://www.aeraforhome.com/collections/diffuser-selection#smart-2-0-diffuser.  A printout of this webpage is attached hereto as Exhibit 1.

9.      On information and belief, Prolitec further owns, makes or has made, and distributes the Aera software app, available for download in the iOS app store and the Google Play app store, that controls the Aera Smart (the "Aera App").

10.     On information and belief, Prolitec owns, maintains, and controls central computer servers that allow for communication between the Aera App, the central computer servers, and the Aera Smart.

## Jurisdiction and Venue

11.     Prolitec has filed a Complaint in this Court against Prolitec.

12.     Prolitec has alleged in its Complaint that it is the assignee and owner of the Prolitec Asserted Patents.

13.     Prolitec alleges in its Complaint that ScentAir has infringed claims of the Prolitec Asserted Patents.

14.     This Court has subject matter jurisdiction over the Declaratory Judgment Counterclaims under 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, the Patent Laws of the United States, 35 U.S.C § 100, *et. seq.*, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202.  The Declaratory Judgement Counterclaims are based upon an actual controversy between

Prolitec and ScentAir regarding, for example, the invalidity and non-infringement of the claims of the Prolitec Asserted Patents, and alleged damages thereunder.

15.     The Declaratory Judgment Counterclaims are so related to each other and to Prolitec's claims in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

16.     This Court has personal jurisdiction over Prolitec at least because Prolitec has previously appeared in this lawsuit, is represented by counsel, and it has submitted to the jurisdiction of this Court.

17.     On information and belief, this Court has personal jurisdiction over Prolitec as Prolitec has committed acts of infringement of the ScentAir Asserted Patents in this Judicial District.  This Court has personal jurisdiction over Prolitec because, *inter alia*, this action arises from activities Prolitec directed towards Delaware.

18.     Exercising personal jurisdiction over Prolitec in this Judicial District would not be unreasonable given Prolitec's contacts with this District, including the filing of the Complaint, the interest of this District of resolving disputes related to products and/or services sold here, and the harm to ScentAir occurring in this District.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

### DECLARATORY JUDGEMENT COUNTERCLAIMS

### Count I: Declaratory Judgement of Invalidity

20.     The allegations of Paragraph 1-19 of the Counterclaims are incorporated by reference as if fully set forth herein.

21.     The claims of Prolitec's Asserted '004 patent, '767 patent, and '976 patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including but not limited to §§ 101, 102, 103, 112, and/or 120 thereof.

22.     In the original Complaint, for example, Prolitec has identified known prior art to the '004, '767, and '976 patents as "Accused Instrumentalities" practicing those patents, thus *prima facie* demonstrating their invalidity.

23.     Furthermore, ScentAir filed petitions to the U.S. Patent & Trademark Office for *Inter Partes* Review of all three Prolitec Asserted Patents.  IPR2021-12, -13, and -14.

24.     Under 35 U.S.C. § 285, this is an exceptional case entitling ScentAir to an award of costs and attorneys' fees incurred in connection with this action, at least because Prolitec filed its Complaint with knowledge of the facts stated in this Answer and Counterclaim.

## Count II: Declaratory Judgement of Non-Infringement

25.     The allegations of Paragraph 1-24 of the Counterclaims are incorporated by reference as if fully set forth herein.

26.     ScentAir is not infringing and has not infringed any valid claim of Prolitec's Asserted '004 patent, '767 patent, or '976 patent, either directly or indirectly, jointly or individually, or literally or under the doctrine of equivalents.

27.     For example, the accused ScentAir Breeze does not include the claimed "tortuous passage" as specified by asserted claim 9 of the '004 patent and asserted claim 9 of the '976 patent.  The "Accused Instrumentality" does not include the claimed "cap" as specified by asserted claim 16 of the '767 patent.

28.     Under 35 U.S.C. § 285, this is an exceptional case entitling ScentAir to an award of costs and attorneys' fees incurred in connection with this action, at least because Prolitec filed its Complaint with knowledge of the facts stated in this Answer and Counterclaim.

### INFRINGEMENT COUNTERCLAIMS

29.     As described below, Prolitec's accused Aera System is a multi-device, multi-program scent delivery system, as specified by each of the three ScentAir Asserted Patents.  On information and belief, the Aera System addresses its multiple devices and programs as further specified by each of the ScentAir Asserted Patents, as will be evidenced in Aera System source code that will be sought from Prolitec.

### Count III: Infringement of U.S. Patent No. 9,446,162

30.     The allegations of Paragraph 1-29 of the Counterclaims are incorporated by reference as if fully set forth herein.

31.     The '162 Patent is valid and enforceable.  A true and correct copy is attached as Exhibit 2.

32.     Prolitec, in violation of 35 U.S.C. § 271, has infringed and continues to infringe at least claim 1 of the '162 Patent by making, using, offering to sell, selling, and/or importing the Aera System that practices the features claimed in the '162 Patent without authority, either literally and/or under the doctrine of equivalents.

33.     As specified by claim 1 of the '162 Patent for example, on information and belief, the Aera System, utilizing the Aera App, is configured to control "a plurality of networked scent delivery devices, wherein the plurality of networked scent delivery devices includes a first scent delivery device located at a first scenting location and configured to deliver a first scent and a second scent delivery device located at a second scenting location and configured to deliver a

second scent," as indicated, for example, in the screenshot as to "Multiple devices" from the Aera App below.



**Multiple devices**

You can access and identify Aera devices in different rooms. Swipe to the left to set up controls and access multiple Aera devices.

34.     As specified by claim 1 of the '162 Patent, on information and belief, the Aera System includes "a central controller configured to" "generate command data that is configured to affect operation of at least the first and the second scent delivery devices based on one or more master scenting schedules, wherein the one or more master scenting schedules include a first scenting schedule for the first scenting delivery device and a second scenting schedule for the second scenting delivery device" as indicated, for example, in the screenshot as to "Create

Fragrance Schedules" from the Aera App below.



35.    As specified by claim 1 of the '162 Patent, on information and belief, the Aera System "determines a relatedness group," "wherein determining the relatedness group includes using one or more machine-specific factors to identify whether the first and second scent delivery devices are related, wherein when the first and second scent delivery devices are identified as related, the first and second scent delivery devices are included in the relatedness group," as indicated, for example, in the "AeraForHome" App description below.



# AeraForHome

**Prolitec Inc.**   **Lifestyle**                                      ★ ★ ☆ ☆ ☆ 64 👤

🌿 Everyone

⚠ You don't have any devices.

You can share this with your family. Learn more about Family Library

🔖 Add to Wishlist                                              **Install**

   

Aera is home scenting at your fingertips. The AeraForHome app provides smartphone control for up to 20 schedules or devices. Aera is home scenting reinvented with a revolutionary new way of creating exquisite scent effects. This powerful and intuitive app provides unprecedented flexibility and control of scenting in your home. With the app you can control and schedule scent strength by room, by time of day and day of the week. You can monitor fragrance usage, re-order your favorite fragrance, get tech and scent support with live chat, voice or email.

Full controllability and expanded controls from your smartphone:
·Adjust fragrance strength level – based on your scent preferences and the room size
·Create unique scenting schedules by day and time – up to 20 schedules!
·Control how much and how often you want to scent your home – it's cost effective too
·Track fragrance usage – app alerts you when your fragrance capsules are low
·Easily reorder fragrance capsules
·Connect multiple devices via the app to create a full home scenting system

36.     As specified by claim 1 of the '162 Patent, on information and belief, the Aera System "determine[s] an order of priority between the first and the second scent delivery devices," as indicated, for example, in the "AeraForHome" App description above.

37.     As specified by claim 1 of the '162 Patent, on information and belief, the Aera System "determine[s] whether a desired activation time of the first scenting schedule for the first scent delivery device overlaps at least partially with a desired activation time of the second scenting schedule for the second scent delivery device" "based upon a determination that the first and second scent delivery devices are included in the relatedness group and that a desired activation time for the first scent delivery device overlaps at least partially with a desired activation time for the second scent delivery device, adjusting the master scenting schedule, wherein adjusting includes coordinating one or more activity levels of each of the first and second delivery devices during the overlapping activation time according to the order of priority," as indicated, for example, in the "AeraForHome" App description above.

38.     As specified by claim 1 of the '162 Patent, on information and belief, "the central controller" in the Aera System "is configured to coordinate the one or more activity levels of each of the first and second delivery devices during the overlapping activation time by determining which of the first and the second delivery devices to activate during the overlapping activation time according to the order of priority and generating command data to activate only one of the first and the second delivery devices during the overlapping activation time," as indicated, for example, in the "AeraForHome" App description above.

39.     ScentAir is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Prolitec's infringement.

40.     ScentAir has been and continues to be damaged and irreparably harmed by

Prolitec's infringement of the '162 patent.  This irreparable harm will continue unless this Court enjoins Prolitec.

41.     On information and belief, Prolitec has been aware of, or should have been aware of, the existence of the '162 Patent since the issuance date of the patent based on the parties on-going litigation, *Prolitec Inc. v. ScentAir Tech., LLC*, Case No. 12-cv-0483-RTR (E.D. Wisc.). As Prolitec has been aware of the '162 Patent, such infringement by Prolitec has been in reckless disregard of ScentAir's rights and is thus willful.

42.     Prolitec's conduct in infringing the '162 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## Count IV: Infringement of U.S. Patent No. 9,460,404

43.     The allegations of Paragraph 1-42 of the Counterclaims are incorporated by reference as if fully set forth herein.

44.     The '404 Patent is valid and enforceable.  A true and correct copy is attached as Exhibit 3.

45.     Prolitec, in violation of 35 U.S.C. § 271, has infringed and continues to infringe at least claim 1 of the '404 Patent by making, using, offering to sell, selling, and/or importing the Aera System that practices the features claimed in the '404 Patent without authority, either literally and/or under the doctrine of equivalents.

46.     As specified by claim 1 of the '404 Patent for example, on information and belief, the Aera System, utilizing the Aera App, "control[s] one or more scent delivery systems," as indicated, for example, in the screenshot as to "Multiple devices" from the Aera App above.

47.     As specified by claim 1 of the '404 Patent, on information and belief, the Aera System, utilizing the Aera App, controls "one or more networked scent delivery devices," and

"maintain[s] one or more scheduled events, each scheduled event being associated with control logic that identifies the one or more networked scent delivery devices to be activated during a first time period, the first time period being defined by an activation start time and an activation end time," as indicated, for example, in the screenshot as to "Schedule mode" from the Aera App below.



48.     As specified by claim 1 of the '404 Patent, on information and belief, the Aera System, specifically the Aera App, "maintain[s] one or more scheduled anti-events, each scheduled anti-event being associated with control logic that identifies the one or more networked scent delivery devices to be deactivated during a second time period, the second time period being defined by a deactivation start time and a deactivation end time," as indicated, for example, in the screenshots as to "Schedule mode" and "Create Fragrance Schedules" from the Aera App above.

49.     As specified by claim 1 of the '404 Patent, on information and belief, the Aera System, specifically the Aera App, "generat[es] command data" including "identifying a conflicting period of time between the one or more scheduled events and the one or more scheduled anti-events, wherein the conflicting period of time indicates a period of time during which the control logic that identifies the one or more networked scent delivery devices to be activated conflicts with the control logic that identifies the one or more networked scent delivery devices to be deactivated, and generating command data that gives priority to control specified by the one or more scheduled anti-events, control for the one or more networked scent delivery devices being in accordance with the control logic of the one or more scheduled anti-events during the conflicting period of time and not in accordance with the control logic of the one or more scheduled events during the conflicting period of time, wherein generating command data that gives priority to control specified by the one or more scheduled anti-events comprises generating command data that maintains priority of the control specified by the one or more anti-events over any additional conflicting scheduled events subsequently added to the scenting schedule," as indicated, for example, in the "AeraForHome" App description above.

50.     ScentAir is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Prolitec's infringement.

51.     ScentAir has been and continues to be damaged and irreparably harmed by Prolitec's infringement of the '404 Patent.  This irreparable harm will continue unless this Court enjoins Prolitec.

52.     On information and belief, Prolitec has been aware of, or should have been aware of, the existence of the '404 Patent since the issuance date of the patent based on the parties on-going litigation, *Prolitec Inc. v. ScentAir Tech., LLC*, Case No. 12-cv-0483-RTR (E.D. Wisc.). As Prolitec has been aware of the '404 Patent, such infringement by Prolitec has been in reckless disregard of ScentAir's rights and is thus willful.

53.     Prolitec's conduct in infringing the '404 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## Count V: Infringement of U.S. Patent No. 9,927,789

54.     The allegations of Paragraph 1-53 of the Counterclaims are incorporated by reference as if fully set forth herein.

55.     The '789 Patent is valid and enforceable. A true and correct copy is attached as Exhibit 4.

56.     Prolitec, in violation of 35 U.S.C. § 271, has infringed and continues to infringe at least claim 1 of the '789 Patent by making, using, offering to sell, selling, and/or importing the Aera System that practices the features claimed in the '789 Patent without authority, either literally and/or under the doctrine of equivalents.

57.     As specified by claim 1 of the '789 Patent for example, on information and belief, the Aera System, utilizing the Aera App, "establish[es] a communication network including a

central controller and a plurality of networked scent delivery devices, wherein the plurality of networked scent delivery devices includes a first scent delivery device and a second scent delivery device, and wherein the central controller is configured to control operation of each of the plurality of networked scent delivery devices," as indicated, for example, in the screenshot as to "Multiple devices" from the Aera App above.

58.    As specified by claim 1 of the '789 Patent, on information and belief, the Aera System is configured to "receiv[e] an instruction, wherein the instruction corresponds to one of a first operation and a second operation, wherein the first operation is associated with introducing asynchronicity into at least one scenting schedule of the plurality of networked scent delivery devices, and wherein the second operation is associated with compensating for asynchronicity existing in the at least one scenting schedule of the plurality of networked scent delivery devices," as indicated, for example, in the "AeraForHome" App description above.

59.    On information and belief, the Aera System "generat[es] command data in accordance with the instruction; when the instruction corresponds to the first operation, the command data includes adding a skew parameter to the at least one scenting schedule, such that asynchronicity is introduced, and when the instruction corresponds to the second operation, the command data corresponds to adding an adjustment duration to the at least one scenting schedule, such that asynchronicity is compensated," as indicated, for example, in the "AeraForHome" App description above.

60.    As specified by claim 1 of the '789 Patent, on information and belief, the Aera System "transmit[s] the command data to each of the plurality of networked scent delivery devices over the communication network, wherein when the received command data corresponds

to the second operation and is received at each of the first scent delivery device and the second scent delivery device," as indicated, for example, in the "AeraForHome" App description above.

61.     As specified by claim 1 of the '789 Patent, on information and belief, the Aera System "activat[es] each of the first and second scent delivery devices at a same defined time interval," as indicated, for example, in the "AeraForHome" App description above.

62.     As specified by claim 1 of the '789 Patent, on information and belief, the Aera System "determin[es] that the first scent delivery device activates at a different time as compared to the defined time interval," as indicated, for example, in the "AeraForHome" App description above.

63.     As specified by claim 1 of the '789 Patent, on information and belief, the Aera System "adjust[s] an initiation time for the first scent delivery device or the second scent delivery device, such that initiation of scent delivery for each of the first and second scent delivery devices is synchronized," as indicated, for example, in the "AeraForHome" App description above.

64.     ScentAir is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Prolitec's infringement.

65.     ScentAir has been and continues to be damaged and irreparably harmed by Prolitec's infringement of the '789 Patent.  This irreparable harm will continue unless this Court enjoins Prolitec.

66.     On information and belief, Prolitec has been aware of, or should have been aware of, the existence of the '789 Patent since the issuance date of the patent based on the parties on-going litigation, *Prolitec Inc. v. ScentAir Tech., LLC*, Case No. 12-cv-0483-RTR (E.D. Wisc.).

As Prolitec has been aware of the '789 Patent, such infringement by Prolitec has been in reckless disregard of ScentAir's rights and is thus willful.

67.    Prolitec's conduct in infringing the '789 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

ScentAir, reserving its right to amend its pleadings to add additional defenses and counterclaims if warranted by discovery, prays for the following relief:

1.    A judgment that each asserted claim of the Prolitec Asserted Patents is invalid;

2.    A judgment that ScentAir has not infringed any claim of the Prolitec Asserted Patents;

3.    A judgement that Prolitec's Complaint be dismissed with prejudice, and that Prolitec take nothing by its Complaint;

4.    A judgment in favor of ScentAir as to infringement of one or more claims of each of the ScentAir Asserted Patents;

5.    A permanent injunction under 35 U.S.C. § 283, enjoining Prolitec and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of infringement of the ScentAir Asserted Patents;

6.    A judgment in favor of ScentAir for money damages sustained as a result of Prolitec's infringement of the ScentAir Asserted Patents in an amount to be determined at trial as provided under 35 U.S.C. § 284;

7.    An accounting from Prolitec for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

8.      An award to ScentAir of pre-judgment and post-judgment interest on the damages caused by Prolitec's infringing activities and other conduct complained of herein;

9.      A finding for ScentAir that this case is an exceptional case under 35 U.S.C. § 285;

10.      An award of ScentAir's reasonable attorneys' fees and costs incurred in connection with this action;

11.      Any and all other relief as the Court finds just and proper, in equity or at law.

### DEMAND FOR JURY TRIAL

ScentAir hereby demands a trial by jury on all issues so triable.

<table>
<tr><td></td><td>/s/ Jeff Castellano</td></tr>
<tr><td>OF COUNSEL:</td><td>Jeff Castellano (No. 4837)</td></tr>
<tr><td>Joshua B. Pond</td><td>SHAW KELLER LLP</td></tr>
<tr><td>CROWELL & MORING LLP</td><td>I.M. Pei Building</td></tr>
<tr><td>1001 Pennsylvania Avenue NW,</td><td>1105 North Market Street, 12th Floor</td></tr>
<tr><td>Washington, DC 20004-2595</td><td>Wilmington, DE 19801</td></tr>
<tr><td>(202) 624-2610</td><td>(302) 298-0700</td></tr>
<tr><td></td><td>jcastellano@shawkeller.com</td></tr>
<tr><td></td><td>*Attorneys for Defendant*</td></tr>
<tr><td>Dated: October 23, 2020</td><td></td></tr>
</table>