

**Alexandra M. Joyce**
Associate

T. 302-984-6392
F. 302-450-4235

ajoyce@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

April 20, 2022

<u>**VIA CM/ECF**</u>

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

Re: <u>*Prolitec Inc. v. ScentAir Technologies, LLC*</u>, **C.A. No. 20-984-RGA-MPT**

Dear Judge Andrews:

Pursuant to the Court's April 13, 2022 Oral Order (D.I. 63), the parties provide this joint status letter. The parties respectfully request that (1) the stay in this case continue, and (2) that the Court refer this case to Magistrate Judge Fallon for continued mediation.

Joint Request to Continue Stay

On September 17, 2021, the parties filed a Stipulation and Proposed Order to Stay Case Pending Inter Partes Review and Alternative Dispute Resolution Proceedings, which the Court entered the same day. (D.I. 56). The stipulation was based on two independent grounds. First, ScentAir initiated, and the Patent Trial and Appeal Board ("PTAB") instituted, *inter partes* review ("IPR") proceedings challenging the patentability of certain asserted patents in this case. Written decisions are expected to be issued by the PTAB at the end of April 2022. *Id*. Second, the parties agreed to the entry of a stay of all deadlines in this action in effort to facilitate settlement discussions, and to conserve party and judicial resources. As provided in the stipulation, the parties agreed that during the stay they would proceed with limited mediation-related discovery including source code review. *Id.* The stipulation further provided that Judge Fallon would oversee the parties' mediation-related discovery. *Id.*

In furtherance of their agreement to engage in limited source code review during the stay to facilitate settlement discussions, the parties filed a Stipulation and Order Regarding Source Code Protocol. (D.I. 60). The Court subsequently reopened the case and entered the Stipulation and Order Regarding Source Code Protocol (D.I. 62).

Assuming that the Court's order reopening the case also lifted the stay, the parties jointly request that the Court re-institute the stay on the same terms set forth in the stipulation and order at D.I.s 55 and 56. If it did not, the parties jointly request that the stay continue.

ME1 40287951v.1

April 20, 2022
Page 2

The bases for the stipulated stay still apply today. In particular, final written decisions have not yet issued from the PTAB, and the parties are still undertaking efforts to resolve this case by settlement.

The parties respectfully request that the Court reinstitute the stay in this case pending final written decisions from the PTAB.  The parties propose that they shall promptly notify the Court when the proceedings before the PTAB have been resolved so that this case may be reopened and other appropriate action may be taken, if it has not settled before that time.

Joint Request for Mediation Referral

In addition, the parties understand that the Court has cancelled the referral to Judge Fallon for mediation, in accordance with the District Court's March 14, 2022 Standing Order. However, the Court previously announced that in "a few, exceptional cases that are currently pending before the Court," mediations may go forward.  The parties respectfully request that Your Honor refer the matter to Judge Fallon for her continued helpful efforts to resolve this dispute through mediation, for the reasons below.

The mediation process in this case has already begun, and is ongoing.  The parties mediated before Judge Fallon in September of 2021.  As stipulated and ordered following the last mediation session (D.I. 56), and as discussed above, the parties are engaging in limited mediation-related discovery including source code review for the purposes of gathering information in advance of a follow-up mediation that was originally scheduled for May 10, 2022.

While the parties are mindful of the burdens on the Court and its Magistrate Judges following Judge Stark's departure and the vacant judgeship, they believe continued mediation with Judge Fallon will help resolve this case. The parties believe the forthcoming decision from the PTAB and the limited source code review (which the parties are in the midst of) will assist the parties in their settlement discussions. For these reasons, the parties respectfully request that Your Honor refer this case to Judge Fallon to hold a mediation conference on May 10, 2022 as previously scheduled, or to set a mediation conference for another date in mid-2022, at the Court's convenience.

Case Schedule

This Court's April 13, 2022 Oral Order (D.I. 63) directed the parties to submit a proposed scheduling order.  However, given that the parties respectfully request that the stay be reinstituted in this case, they have not submitted a proposed schedule at this juncture. If, however, the Court would still like the parties to file a proposed schedule, the parties will promptly confer regarding proposed dates and follow up with such a submission.

Counsel are available at the Court's convenience.

April 20, 2022<br>Page 3

Respectfully submitted,

*/s/ Alexandra M. Joyce*

Alexandra M. Joyce (#6423)

cc: Counsel of Record (via CM/ECF and E-Mail)