## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROLITEC INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-984-RGA |
| | ) | |
| SCENTAIR TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Prolitec Inc. ("Prolitec") and Defendant ScentAir Technologies, LLC ("ScentAir") (collectively, the "Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it

by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced in this Action before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "HIGHLY CONFIDENTIAL SOURCE CODE" the Parties' Stipulation and Order Regarding Source Code Protocol (D.I. 62) shall govern, unless otherwise indicated herein.

4.      With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" (DESIGNATED MATERIAL)[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY," both individually and collectively.

Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

5.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party[2] becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

6.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party,

---

[2] The "Producing Party" shall mean the party producing documents.  The "Receiving Party" shall mean the party receiving documents from the Producing Party.

upon order of the Court, or as set forth in paragraph 14 herein:

      (a)     outside counsel of record in this Action[3] for the Parties;

      (b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

      (c)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action and who have signed the Undertaking attached as Appendix A hereto, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

      (d)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action;[4] (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with a current

---

[3] The "Action" shall mean the above captioned matter, C.A. No. 20-984-RGA.

[4] To be clear, this statement is not intended to prohibit any outside consultants or experts who are retained on behalf of the Party for other litigations or for any proceedings before the United States Patent and Trademark Office ("USPTO"), including any Inter Partes Review ("IPR"), Post-Grant Review ("PGR"), and Covered Business Method ("CBM") Review before the Patent Trial and Appeal Board ("PTAB") from acting as an outside consultant or expert in this Action.

curriculum vitae of the consultant or expert at least ten (10) calendar days before access to the Protected Material is to be given to that consultant or expert to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may seek relief from the Court in accordance with the Court's discovery and protective order dispute procedures within fifteen (15) calendar days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)       independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(f)       the Court, its technical advisor (if one is appointed), and its personnel;

(g)       any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h)       any person who is identified as an author or recipient, including receipt by copy, of the document, information, or material therein, or otherwise appears from the face of the

5

designated material to be a person who has previously seen or had access to the designated material.

7.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action, or to the extent otherwise agreed to by the parties and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.     To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY."

6

10.     For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such material shall be limited to individuals listed in paragraphs 6(a-b) and (d-h).

11.     Any outside counsel representing a Party, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL SOURCE CODE (i.e., "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL shall not prepare, prosecute, or assist in the preparation or prosecution of any patent application pertaining to scent diffusion technology on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  The terms of this provision do not apply to review procedures before the Patent Trial and Appeals Board, or reexamination proceedings in the USPTO.  To be clear, individuals who receive "HIGHLY SENSITIVE MATERIAL" (including outside counsel for a Receiving Party) may prepare, prosecute, supervise, or assist in the preparation or prosecution of any  review proceeding before the patent office related to any patent-in-suit without any limitation except that, (1) counsel subject to the prosecution bar shall not draft or assist in the drafting, directly or indirectly (including drafting or amendment strategy or any substantive discussion concerning such drafting), of any claim or amendment to any claim of any patent-in-suit and (2) counsel subject to the prosecution bar shall not reveal the opposing Party's HIGHLY SENSITIVE

7

MATERIAL to any review proceeding counsel or agent drafting or assisting in the drafting of any claim or amendment to any claim of any patent-in-suit.

12.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant to Federal Rule of Evidence 502(d), the production of documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, immunity, or protection mandated by law shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, immunity, or other protection in this or any other action.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  After receiving written notice from the producing party that documents or materials subject to the attorney-client privilege, work-product immunity, or other protection have been produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.  The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party within five (5) days from receiving notice, or provide written confirmation of the destruction of the original and all copies

8

of the identified documents or other material, including all documents and things generated by a receiving party which documents and things contain information derived from the returned/destroyed materials.  The receiving party shall not utilize the information contained in the returned/destroyed documents or materials for any purpose, or disseminate or transmit such information.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) outside counsel for a Party; (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix)

9

other persons entitled hereunder to access to DESIGNATED MATERIAL.   DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

15.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEY' EYES ONLY," excepting the deponent for purposes of review and signature of the transcript.

16.    Any DESIGNATED MATERIAL that is filed with the Court, including a pretrial filing, or an exhibit thereto, that discloses or relies on confidential documents, information or material, shall be filed under seal.   The filing party shall be responsible for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" in the caption and/or conspicuously on the front page of the filing.   The filing party is responsible for filing with the Court a public redacted version within 7 days of the original sealed filing, consistent with District of Delaware Local Rule 5.1.3., or as otherwise ordered by the Court, and shall confer with counsel for the other party regarding any proposed redactions before filing.

17.    The Order applies to pretrial discovery.   Nothing in this Order shall be deemed to

prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) calendar days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

11

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) calendar days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request; provided, however, that outside counsel for a party may retain an archival copy of all pleadings, discovery requests, responses, submissions and Court filings, as well as a copy of all work product and communications containing DESIGNATED MATERIAL.

23.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to

ME1 43168476v.1

modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28.     Other Proceedings.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

14

Dated: November 7, 2022

MCCARTER & ENGLISH, LLP

DLA PIPER LLP (US)

*/s/ Alexandra M. Joyce*

Brian R. Lemon (#4730)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
blemon@mccarter.com
ajoyce@mccarter.com

*/s/ Jeff Castellano*

Brian A. Biggs (#5591)
Jeff Castellano (#4837)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
brian.biggs@us.dlapiper.com
jeff.castellano@us.dlapiper.com

Marc C. Levy
Jeffrey E. Danley
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel: (206) 622-4900
MarcL@seedip.com
JeffD@seedip.com

Joshua B. Pond
Vincent J. Galluzzo
CROWELL & MORING LLP
1001 Pennsylvania Avenue N.W.
Washington, DC 20004-2595
(202) 624-2610
jpond@crowell.com
vgalluzzo@crowell.com

*Attorneys for Plaintiff*

*Attorneys for Defendant*

**SO ORDERED** this ___7th___ day of ___November___, 2022.

/s/ Richard G. Andrews

UNITED STATES DISTRICT JUDGE

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROLITEC INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-984-RGA |
| | ) | |
| SCENTAIR TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## APPENDIX A

### UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.       My address is _____.

My current employer is _____.

My current occupation is _____.

2.       I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.       I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

2