**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PROLITEC INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 20-984-RGA-MPT |
| | ) | |
| v. | ) | |
| | ) | |
| SCENTAIR TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS**
**FROM JEFF CASTELLANO REGARDING PROLITEC INC.'S 12(C) MOTION**

Dated: December 13, 2022

**OF COUNSEL**

Joshua B. Pond (admitted *pro hac vice*)
Vincent J. Galluzzo (admitted *pro hac vice*)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue N.W.
Washington, DC 20004-2595
Telephone: (202) 624-2610
jpond@crowell.com
vgalluzzo@crowell.com

Ryan Fitzgerald (admitted *pro hac vice*)
**CROWELL & MORING LLP**
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Telephone: (312) 321-4200
rfitzgerald@crowell.com

Molly A. Jones (admitted *pro hac vice*)
**CROWELL & MORING LLP**
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
mojones@crowell.com

**DLA PIPER LLP (US)**

*/s/ Jeff Castellano*
Brian A. Biggs (DE Bar No. 5591)
Jeff Castellano (DE Bar No. 4837)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
brian.biggs@us.dlapiper.com
jeff.castellano@us.dlapiper.com

*Attorneys for Defendant*

Dear Judge Andrews:

Counter-Plaintiff ScentAir Technologies LLC ("ScentAir") submits this letter brief related to Counter-Defendant Prolitec Inc.'s ("Prolitec") Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (D.I. 105). For the reasons below, the Court should not entertain Prolitec's Motion at this point in the case, and should deny the Motion without prejudice to raise these issues in conjunction with summary judgment in September 2023.

**<u>Prolitec Provides No Good Reason for the Motion to be Heard Now</u>**

Prolitec argues that its Motion is timely under Rule 12(c)[1] and the Scheduling Order, but ScentAir understood the Court's question to be why Prolitec's Motion should be entertained now as a practical matter, when the counterclaims it seeks to dismiss (D.I. 33) were filed ***nearly two years ago***, in view of the Court's general disfavor of multiple rounds of dispositive motions after early Rule 12 motions.

Prolitec offers only one paragraph on this point, asserting that "Prolitec did not unnecessarily delay" the filing of its Motion. (D.I. 112 at 1). But that paragraph's vague reference to diligence is unsupported by the facts, and undermined by Prolitec's own admission that it did not even begin investigating a Section 101 motion until after the stay ended (more than seven months ago, D.I. 70), and did not bother starting to draft the Motion until some indeterminate time after it confirmed claim construction positions would not impact its arguments. It does not even address the eight months the counterclaims were pending ***before*** the stay, or explain why it could not have filed the Motion then.

ScentAir first filed counterclaims against Prolitec asserting patent infringement over two years ago, in October 2020 (D.I. 24). ScentAir amended the counterclaims in December 2020 (D.I. 33). Eight months later, in September 2021, the case was briefly stayed pending the outcome of ScentAir's IPRs (D.I. 56). The stay was lifted in April of this year (D.I. 65). Prolitec could have brought the Motion at any point prior to the stay or immediately after the stay. Prolitec points to nothing that would have prevented it from doing so—indeed, Prolitec argues that there was "virtually no discovery" during the pre-stay period, meaning Prolitec had plenty of time to investigate, draft, and file its Motion then.

Instead, Prolitec sat idle for another ***seven months*** after the stay ended before filing its Motion. In sum, Prolitec's Motion comes more than 25 months after ScentAir first asserted its patents against Prolitec, more than 22 months after the exchange of infringement contentions, more than 21 months after the exchange of invalidity contentions, and after claim construction briefing.

Prolitec's post hoc justifications for its delay are unavailing. Even if the stay precluded Prolitec from working on its Motion (which it did not), that was just seven of the 25 months that have passed since ScentAir asserted its patents against Prolitec. Nor do the settlement discussions

---

[1] It is worth noting that in the only two cases Prolitec cites, the Court *denied* the motions for judgment on the pleadings, ruling that factual issues precluded finding in the movant's favor. Thus, as would be the case here, the extreme lateness of those motions served only to needlessly multiply the proceedings and waste court resources.

have any relevance to the timing of this motion.  The parties did not agree to any standstill that would have precluded Prolitec from filing its Motion much earlier.

Any efficiency that would have come from Prolitec's Motion has been eliminated by the long passage of time, including avoidance of infringement and invalidity contentions (and supplements and amendments thereto), not to mention the extensive briefing of claim construction, including an expert declaration and deposition.  And that is assuming Prolitec's Motion had merit, which ScentAir disputes for the reasons below.

Prolitec's argument that allowing its Motion to proceed now would save the Court time and resources is baseless.  If the Motion goes forward now, the Court will be required to entertain duplicative rounds of dispositive motion briefing and multiple hearings.  Hearing the Motion now will not avoid claim construction disputes, as briefing on claim construction is already complete, and the hearing is less than one month away.  Also, if Prolitec's Motion is heard now and denied (perhaps because of a factual dispute), Prolitec will almost certainly attempt to raise these arguments *again* at summary judgment.  This would require yet another round of duplicative briefing and argument.

Perhaps recognizing this, Prolitec does not point to any actual efficiencies, instead suggesting vaguely that the Court may be able to "avoid spending resources on issues that likely will be moot."  But it cannot point to any efficiencies that will arise from deciding its Motion now, as opposed to in connection with summary judgment.

Whether or not Prolitec's Motion is technically barred, Prolitec has not offered any good reason for the Motion to be heard now, despite being directed by the Court to provide that very information.

## Prolitec's Views Concerning the Purported Merits of its Motion Are Irrelevant

Prolitec argues that its Motion is "strong" and likely to succeed.  But Prolitec points to nothing that distinguishes its Section 101 Motion from the hundreds of others this Court has considered, and thus, its subjective opinion—which is not relevant to timing in any event—can be disregarded.  Nonetheless, ScentAir's brief response to Prolitec's misleading characterization of its Motion is below.

First, if claim constructions can impact the analysis, dismissal on a Rule 12 motion is premature. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) ("If there are claim construction disputes at the Rule 12(b)(6) stage . . . either the court must proceed by adopting the non-moving party's constructions . . . or the court must resolve the disputes to whatever extent is needed to conduct the § 101 analysis . . . ." (citations omitted)).  Here, ScentAir is investigating and may argue in opposition to the Motion that claim construction is necessary to decide the Section 101 issues, contrary to Prolitec's arguments.

Second, there are substantial fact issues relating to the specialized area of scenting technology that will be further developed through fact discovery, including at least the absence of effective scenting technology systems prior to those claimed here and the critical improvement of the claimed systems and devices over prior art.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("[E]xtrinsic evidence in the form of expert testimony can be useful to a court for a

variety of purposes, such as to provide background on the technology at issue, to explain how an invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art . . . ."); *Aatrix*, 882 F.3d at 1125 ("[P]atent eligibility can be determined at the Rule 12(b)(6) stage . . . *only* when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." (emphasis added) (citation omitted)); *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1261-62 (Fed. Cir. 2017); *Pure Data Sys., LLC v. Ubisoft, Inc.*, 329 F. Supp. 3d 1054, 1067-69 (N.D. Cal. 2018) (denying Rule 12 motion where defendant failed to prove claimed methods were "well-understood, routine, conventional activities previously known to the industry").

Third, Prolitec's request that the Court decide that all 78 claims across four patents are directed to patent ineligible subject-matter is deficient because Prolitec alleges, without explanation or support, that claim 1 of each of the ScentAir patents are representative. But other critical inventions are claimed in dependent claims, which present distinct technological improvements, and each claim is presumed valid "independently of the validity of other claims." 35 U.S.C. § 282(a); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) ("A claim is not representative simply because it is an independent claim."); *Nice Ltd. v. Callminer, Inc.*, No. 18-2024-RGA-SRF, 2020 WL 529709, at *3-4 (D. Del. Feb. 3, 2020), *R.&R. adopted by* 2020 WL 1502270 (D. Del. Mar. 30, 2020) ("Erroneously determining that a claim is representative has constitutional consequences."). Thus, in no event will Prolitec's Motion result in a complete dismissal of ScentAir's infringement counterclaims.

Prolitec's attempt to force the Court to consider these issues now, before discovery is closed and while factual disputes remain, will only serve to unnecessarily duplicate efforts, and, in the end, waste more resources than requiring Prolitec to file its Motion at the summary judgment stage.

## Prolitec's Motion Should be Denied Without Prejudice

ScentAir respectfully requests that the Court deny Prolitec's Motion without prejudice to raising it again on the summary judgment deadline, or hold it in abeyance until that time. If the Court does entertain Prolitec's Motion now, ScentAir requests that the Court extend the deadline to amend pleadings until 30 days after the Court decides Prolitec's Motion. ScentAir should not be forced to show good cause to amend its pleading where Prolitec did not file its Motion until two days before the amendment deadline.

In addition, should Prolitec's Motion go forward now, ScentAir submits that Prolitec's briefing on the Motion should count against its page limits for case dispositive motions under the Court's Scheduling Order. (D.I. 17 at ¶ 13).

For the foregoing reasons, ScentAir respectfully requests that the Court deny Prolitec's Motion without prejudice to raise it on the deadline for dispositive motions, or hold the Motion in abeyance until that time.

Respectfully submitted,

*/s/ Jeff Castellano*

Jeff Castellano (No. 4837)

cc:  All counsel of record (via ECF)