IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC, INC., <br><br> Plaintiff, Counter-Defendant, <br><br> v. <br><br> SCENTAIR TECHNOLOGIES, LLC, <br><br> Defendant, Counter-Plaintiff. | Civil Action No. 20-984-RGA-MPT |

MEMORANDUM ORDER

The parties submitted a Joint Claim Construction Brief in December 2022. (D.I. 107). I issued an order construing terms from Defendant's asserted patents. (D.I. 119). I heard oral argument on the terms in Plaintiff's asserted patents on January 3, 2023. I ruled on most of the terms at the Markman hearing. This Memorandum Order addresses the single claim term I took under advisement after the hearing: "assists in preventing liquid from leaking."

The term appears in claim 17 of U.S. Patent No. 9,162,004 ("the '004 patent") and claim 16 of U.S. Patent No. 9,745,976 ("the '976 patent"). Both claims depend on claim 9 of their respective patents. Both claims read, in relevant part, "The cartridge of claim 9 wherein the tortuous passage follows a non-linear path that *assists in preventing liquid from leaking* from the cartridge when the cartridge is upended." ('004 patent at 20:3-5 (disputed term italicized and bolded)). Plaintiff proposes the construction: "slows the progression or prevents the leakage of liquid." (D.I. 107 at 12). Defendant proposes the construction: "contributes to stopping any liquid from leaving the device." *Id.*

1

There are two related disputes in the construction of this term: whether issue preclusion applies to the construction of this term, and whether the total prevention of leakage is a claim limitation. I address each dispute in turn.

Issue preclusion, also known as collateral estoppel, bars parties from re-litigating matters that they had a full and fair opportunity to litigate. *Montana v. United States*, 440 U.S. 147, 153 (1979). Issue preclusion consist of four elements: "(1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) the determination of the issues was necessary to the resulting judgment; and, (4) the party defending against preclusion had a full and fair opportunity to litigate the issues." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365-66 (Fed. Cir. 2000).[1] "[A]dministrative decisions by the U.S. Patent and Trademark Office can [establish] issue preclusion in district court when the ordinary elements of issue preclusion are met." *SkyHawke Techs., LLC v. DECA Int'l Corp.*, 828 F.3d 1373, 1376 (Fed. Cir. 2016).

Plaintiff argues that issue preclusion requires the inclusion of the phrase "slows the progression" in the construction, because Defendant argued in an *inter partes* review (IPR) proceeding that the claim term should encompass a passage that "will assist in slowing the progression of liquid." (D.I. 107 at 15). The Patent Trial and Appeal Board (PTAB) agreed, and Plaintiff contends that the PTAB's agreement was necessary to its finding of invalidity of certain claims. *Id.* Defendant argues that, regardless of issue preclusion, its current position is not inconsistent with its position before the PTAB. *Id.* at 16.

---

[1] In a patent case, the law of the regional circuit applies to issue preclusion generally and Federal Circuit precedent applies where the determination of issue preclusion involves substantive issues of patent law. *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). Here, the issue preclusion argument concerns patent claim construction. In any case, the elements of issue preclusion are the same under Third Circuit law. *See Raytech Corp. v. White*, 54 F.3d 187, 190 (3d Cir. 1995).

I do not think that issue preclusion applies here. The PTAB did not construe "assists in preventing liquid from leaking" or any related term in its IPR decision. Thus, the construction of this term was not an actually litigated issue in the PTAB, and issue preclusion does not apply. I decline to adopt Plaintiff's construction with the language "slows the progression," and I do not reach the issue of whether Defendant's current position is consistent with its position at the PTAB.

The second issue is closely related but distinct. Adoption of Plaintiff's construction would explicitly indicate that a device that allowed liquid to leak could still infringe the patent, since the tortuous passage could "slow the progression" *or* "prevent the leakage" of the liquid. Not adopting Plaintiff's construction, however, does not imply that all devices that allow leakage are non-infringing. Defendant argues for a construction where a device must prevent "any liquid" from leaking. Defendant analogizes the claim term "assists" to the word's usage in sports, where an "assist" is only awarded when a point is successfully scored. (D.I. 107 at 13).

I disagree. Something may assist in achieving an outcome generally even if that outcome is not achieved in every case. Further, "assists" suggests that on its own, a tortuous passage would not prevent liquid from leaking and that something else is required. The claim reads "assists in preventing liquid from leaking from the cartridge when the cartridge is upended," ('004 patent at 20:3-5), and the specification provides an example in which the "something else" consists of the subsequent righting of the cartridge. ('004 patent at 10:49-58). Thus, the patent must contemplate the possibility of some liquid leaking despite the aid of the tortuous passage if the cartridge is not righted.[2] Therefore, I decline to adopt Defendant's construction.

---

[2] At oral argument, Defendant also contended that in the interest of claim differentiation, "upended" in claim 17 needed to be distinguished from "temporarily held upside down" in claim 23. Despite the absence of the word "temporarily," I do not think "upended" can refer solely to a

3

In fact, I do not think the term "assists in preventing liquid for leaking" requires construction. I adopt the term's plain and ordinary meaning as the Court's construction. Defendant may not argue that there is a limitation that liquid cannot leak. Within five days the parties shall submit a proposed Claim Construction Order consistent with this Memorandum Order and the constructions adopted at the Markman hearing.

IT IS SO ORDERED.

Entered this 5 day of January, 2023

_____
United States District Judge

---

scenario where the cartridge is permanently upside down. The specification uses "temporarily held upside down" as an example of when the cartridge may be upended, so "upended" should include that scenario.

4