

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Stephanie E. O'Byrne
Stephanie.OByrne@dlapiper.com
T 302.468.5645

December 18, 2023

<u>Via CM/ECF</u>
The Honorable William C. Bryson
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re: *Prolitec Inc. v. ScentAir Technologies, LLC*, C.A. No. 20-984-WCB (D. Del.)

Dear Judge Bryson:

      We write on behalf of ScentAir under unusual circumstances. The Court's December 13, 2023 Memorandum Opinion and Order (D.I. 240; the "Opinion") has precipitated a critical dispute between the parties as to Prolitec's ability to advance an infringement case under the doctrine of equivalents ("DOE") at trial. The resolution of this dispute may ultimately resolve this litigation without trial. The parties have not been able to reach agreement as to the dispute or the proper mechanism by which to raise this dispute with Your Honor, especially in light of the limited time to brief and receive guidance on the issue between now and trial, and in view of the upcoming holidays. While ScentAir intends to raise the issue via a motion in limine ("MIL") under the pretrial scheduling Order (D.I. 235), given that this dispute may be dispositive and avoid the need for any further trial preparation, ScentAir respectfully requests that the Court require the parties to brief this issue on an expedited schedule, as described below, or otherwise guide the parties as to its preferred procedure.

<u>Brief explanation of the dispute & ScentAir's position.</u>

      The parties agree that the Court's Opinion, that "a reasonable jury could not conclude that the cartridge-lid combination is an assembly designed to be removeable and replaceable by a like assembly" (see D.I. 240 at 20), prohibits Prolitec and Dr. Hultmark from arguing that the cartridge-lid combination is removeable or that it is a "cartridge" of the asserted claims under the doctrine of equivalents.

      The parties disagree whether the Opinion leaves Prolitec with any case remaining that was timely disclosed by Dr. Hultmark to present to the jury. ScentAir's position is that the Court's Opinion has only noted a case of infringement under DOE that Prolitec and Dr. Hultmark never advanced, and that Prolitec and Dr. Hultmark cannot now formulate new theories or opinions to advance such a case.



The Honorable William C. Bryson
December 18, 2023
Page 2

Neither Prolitec nor Dr. Hultmark have argued that the Breeze cartridge infringes, under the doctrine of equivalents or otherwise. ScentAir moved for summary judgment on that ground (D.I. 220 at 2 ("The ScentAir Breeze does not infringe the Asserted Claims, literally or under the doctrine of equivalents, because the Breeze cartridge does not include all of the Asserted Claims' requirements, nor does Prolitec contend that it does.") & 10; D.I. 226 at 1), and Prolitec provided no opposition (see D.I. 223 at 13-14 (describing the "cartridge" as a combination of the device lid and refill bottle)).[1] Instead, Prolitec and Dr. Hultmark advanced near-identical analyses for DOE and for literal infringement, which the Court has since dismissed on summary judgment, with one exception.

While both theories are based on the cartridge-lid combination, for DOE, Dr. Hultmark argues that the cartridge-lid combination is equivalent to the "cartridge" of the asserted claims because it is *possible* to disconnect it from the air supply tube of the Breeze device. D.I. 220-9 at ¶¶ 87, 90-94 (opining that "the Breeze Refill in combination with the funnel and lid are equivalent to a cartridge for use with a liquid diffusing device" because they form a "functional unit" that "performs the same function of being removable . . . [by] disconnecting the air supply tube," "in the same way as the cartridge as described in the specification," which "achieved the same result of allowing the diffusion device to be recharged with liquid to be diffused"); D.I. 223 at 17 (distinguishing "the process of detaching a plastic hose" from the facts of ScentAir's cited cases). This is the only doctrine of equivalents argument that Prolitec has disclosed and pursued.

The Court's Opinion analyzes the DOE dispute, but the Court limits its analysis to whether there is a tortuous passage in the Breeze cartridge, and whether the cartridge-lid combination's tortuous passage is equivalent. (D.I. 240 at 21). ScentAir contends, however, that the cartridge-lid combination is not the equivalent of a cartridge because, as the Court held in relation to literal infringement (*id*. at 20), "a reasonable jury could not conclude that the cartridge-lid combination is an assembly designed to be removeable and replaceable by a like assembly." While the Court's Opinion finds a factual dispute regarding the "tortuous passage," the Opinion (as a whole) does not permit Prolitec to argue to the jury that the accused cartridge-lid combination is a "cartridge" or the equivalent of a "cartridge." That is the only DOE argument presented by Prolitec and Dr. Hultmark, and without it, Prolitec has no DOE case that it can still present to the jury.

---

[1] The Court's Opinion does not directly address ScentAir's motion on that ground.



The Honorable William C. Bryson
December 18, 2023
Page 3

Request for expedited briefing on ScentAir's MIL, or for further guidance.

      By one of its three MILs, ScentAir will seek to prevent Dr. Hultmark from introducing any additional theories on DOE. Ruling on this evidentiary issue may ultimately resolve this litigation. A ruling preventing Dr. Hultmark from supplementing his prior opinion that the air supply tube must be disconnected in order for the cartridge-lid combination to be a "cartridge" or the equivalent of a "cartridge," and from putting forth a new theory (either by a supplemental expert report or in the first instance, at trial) would leave Prolitec and Dr. Hultmark without an infringement case under DOE that could be presented to a jury.

      The opening submissions on the parties' MILs are due to be exchanged between the parties tomorrow, December 18, 2023. The parties held a conference to discuss their MILs on Thursday, December 14, 2023, during which Prolitec counsel did not agree to limit Dr. Hultmark's opinions at trial to those disclosed in his expert reports or deposition. Prolitec's counsel noted on that call and in a subsequent email that supplementation by Dr. Hultmark may be necessary and that it was reserving its right to do so. Because of the importance of this dispute to trial preparations, ScentAir respectfully requests that the Court issue an oral order requiring Prolitec to respond to ScentAir's opening MIL submission (by serving its responsive 3-page opposition) by December 22, 2023, whereafter ScentAir will serve its (1-page) response and file the combined papers no later than December 27, 2023 for resolution at the Court's earliest convenience, with oral argument as soon as the Court is available. Alternatively, ScentAir respectfully requests that the Court assist the parties as to another preferred mechanism by which to raise the issue promptly, and before the January 12, 2024 pretrial conference, in the interests of saving both parties' resources as counsel prepares for trial over the holiday season.

Summary of parties' meet and confers pursuant to D.Del. LR 7.1.1.

      As noted above, the parties met and conferred regarding ScentAir's MILs generally, including the motion directed to excluding Dr. Hultmark's opinions, on December 14, 2023. In addition, earlier today, ScentAir's counsel discussed this letter and ScentAir's proposed procedural path forward with counsel for Prolitec. Prolitec continues to oppose the MIL, and objects to ScentAir's request for expedited briefing, and this letter.

      We thank Your Honor for Your consideration of ScentAir's request. Counsel remains available should the Court have any questions.



The Honorable William C. Bryson
December 18, 2023
Page 4

                                    Respectfully,

                                    */s/ Stephanie E. O'Byrne*

                                    Stephanie E. O'Byrne (No. 4446)

cc: All counsel of record (by CM/ECF)