# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC INC., <br><br> Plaintiff, <br><br> v. <br><br> SCENTAIR TECHNOLOGIES, LLC., <br><br> Defendant. | C.A. No. 20-984-WCB |

## PLAINTIFF'S MOTION *IN LIMINE* NO. 1
## TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO
## *INTER PARTES* REVIEW PROCEEDINGS OF THE ASSERTED PATENTS

Dated: January 8, 2024.

OF COUNSEL:

Marc C. Levy
Syed M. Abedi
Jessica S. Gritton
Emily M. Ross
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel: (206) 622-4900
MarcL@seedip.com
SyedA@seedip.com
Jessica.Gritton@seedip.com
Emily.Ross@seedip.com

/s/ Alexandra M. Joyce
Brian R. Lemon (#4730)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: (302) 984-6300
blemon@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff
Prolitec, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC INC., | |
| Plaintiff, | C.A. No. 20-984-WCB |
| v. | |
| SCENTAIR TECHNOLOGIES, LLC., | |
| Defendant. | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1
TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO
*INTER PARTES* REVIEW PROCEEDINGS OF THE ASSERTED PATENTS**

Prolitec moves *in limine* to preclude evidence and arguments relating to the *inter partes* review ("IPR") proceedings pursued by ScentAir against the Asserted Patents, and specifically that certain claims were invalidated by the Patent Trial and Appeal Board ("PTAB") during IPR proceedings. *See ScentAir Techs., LLC v. Prolitec, Inc.*, IPR2021-00012 and IPR2021-00014.

"[E]vidence of previously asserted claims that are no longer in the case is not relevant to . . . the separate claims that are still in the case." *Digital Reg. of Tex., LLC v. Adobe Sys.*, No. C 12–1971 CW, 2014 WL 4090550, *13 (N.D. Cal. Aug. 19, 2014). Evidence of non-asserted claims that have been invalidated is especially prejudicial because of potential spill-over effects on the validity of the asserted claims. *SPEX Techs. v. Apricorn, Inc.*, CV 16-07349JVS(AGRx), 2020 WL 1289546, at *1 (C.D. Cal. Jan. 21, 2020). In *SPEX Technologies*, the alleged infringer wanted to introduce evidence of invalidated claims of the asserted patent for the purposes of damages apportionment. Def.'s Opp'n to Pl.'s Mot. in Lim. No. 1, ECF No. 185 at 3-4, *SPEX Techs. v. Apricorn, Inc.*, CV 16-07349JVS(AGRx) (C.D. Cal. Dec. 23, 2019). The court found that even if the invalidated claims themselves were relevant to challenging the patentee's expert's damages calculations, it would not "require telling the jury that the PTAB invalidated the claims." *SPEX Techs.*, 2020 WL 1289546, at *1. Accordingly, referring to the PTAB invalidation of those claims was irrelevant and unduly prejudicial because of the jury's potential conclusion that "the invalidation of certain claims . . . reflects on the merits of remaining claims and theories." *Id.*; Pl.'s Mot. in Lim. No. 1, ECF No. 165 at 3, *SPEX Techs. v. Apricorn, Inc.*, CV 16-07349JVS(AGRx) (C.D. Cal. Dec. 3, 2019).

Here, similar to in *SPEX Technologies*, it is wholly unnecessary for ScentAir refer to the invalidation of non-asserted claims, such as independent claims 9 of the Asserted Patents. Doing so is irrelevant when simply distinguishing between the asserted and non-asserted claims for the

1

purposes of apportionment would suffice. Moreover, it would be unfairly prejudicial because the jury may inaccurately conclude that the asserted dependent claims are more likely invalid since the independent claims were found to be invalid, even though those same IPRs that invalidated the independent claims did not find the asserted claims invalid.

Additionally, exclusion of this evidence is proper where the issues raised in the IPRs are not present before the court and are, therefore, irrelevant. *See, e.g.*, *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-00220-MLH (KSx), 2020 WL 978731, at *7–8 (C.D. Cal. Feb. 28, 2020) (excluding evidence of IPR directed at obviousness where obviousness defense was obviated on summary judgment); *Olaf Soot Design, LLC v. Daktronics, Inc.*, No. 15 Civ. 5024 (RWS), 2018 WL 6424551, at *4 (S.D.N.Y. Dec. 6, 2018) (excluding evidence of IPR directed toward patent validity where validity defense had been withdrawn), *overruled in part on other grounds by* 2018 WL 6929176 (S.D.N.Y. Dec. 7, 2018). *Vaporstream* is instructive here: The defendant failed to show during IPRs that several claims in the patents-in-suit were unpatentable as obvious. 2020 WL 978731, at *7. Prior to trial, the defendant sought to exclude evidence of those IPRs, arguing that the adverse decisions were irrelevant given that obviousness would not be an issue at trial. *Id.* The court agreed and found that, even though patent eligibility under 35 U.S.C. § 101 remained at issue, the PTAB's obviousness decisions had no bearing on eligibility. *Id.* Furthermore, the court determined that allowing arguments or evidence relating to the IPR proceedings "would likely require an explanation of the nature of IPR proceedings and the PTAB's role, . . . and the PTAB's various findings in the multiple IPR proceedings," which "would likely consume a significant amount of time and potentially lead to jury confusion over the invalidity issues in the case." *Id.* at *8.

As with the defendant's IPRs in *Vaporstream*, ScentAir's IPRs challenged the claims of the Asserted Patents solely on obviousness grounds. *See generally* J.A. to Joint Claim Construction Br., D.I. 108-1 & 108-5. Obviousness is no longer at issue in this case. *See* ScentAir's Answering Br. in Opp'n to Prolitec's Mot. for Partial Summ. J., D.I. 224 at 18 (abandoning obviousness defense). Thus, as the *Vaporstream* court explained, evidence regarding the IPR proceedings would require the Court to waste valuable time explaining the PTAB's role in the proceedings, the nature of IPR proceedings in general, and the substance of the PTAB's decisions in an effort to avoid jury confusion on invalidity issues.

Furthermore, the potential of the jury construing the PTAB's decisions as a binding ruling of noninfringement would be extremely prejudicial to Prolitec's case, given that invalidity need only be proven by a preponderance of the evidence in IPR proceedings, compared to clear and convincing evidence in federal court cases. *Compare* 35 U.S.C. § 316(e) (burden of proof on IPR invalidity claims) *with Microsoft Corp. v. i4i L.P.*, 564 U.S. 91, 95 (2011) (burden of proof on federal invalidity defenses); *see also Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, No. No. 15–819–LPS–CJB, 2018 WL 218667, at *1 (D. Del. May 11, 2018) (excluding "all evidence relating to the PTAB and the IPR" because "the prejudice and confusion inherent in presenting this evidence to the jury–particularly given the PTAB's different standards–substantially outweighs its probative value"). Thus, to avoid presenting irrelevant evidence to the jury, confusing the jury, and prejudicing Prolitec, the Court should preclude any evidence or arguments relating to the IPRs of the Asserted Patents, and especially of the PTAB invalidation of independent claims 9 of the Asserted Patents.

3

Dated: December 19, 2023

OF COUNSEL:

Marc C. Levy
Syed M. Abedi
Jessica S. Gritton
Tayah L. Woodard
Emily M. Ross
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel: (206) 622-4900
MarcL@seedip.com
SyedA@seedip.com
Jessica.Gritton@seedip.com
Tayah.Woodard@seedip.com
Emily.Ross@seedip.com

MCCARTER & ENGLISH, LLP

　/s/ *Alexandra M. Joyce*　
Brian R. Lemon (#4730)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: (302) 984-6300
blemon@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiff,
Prolitec Inc.*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC INC., | |
|     Plaintiff, Counter-Defendant | C.A. No. 20-984-WCB |
| v. | |
| SCENTAIR TECHNOLOGIES, LLC, | |
|     Defendant, Counter-Plaintiff | |

### SCENTAIR'S OPPOSITION TO PROLITEC'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO *INTER PARTES* REVIEW PROCEEDINGS OF THE ASSERTED PATENTS

OF COUNSEL:

Joshua B. Pond
Vincent J. Galluzzo
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
Tel: (202) 624-2500
jpond@crowell.com
vgalluzzo@crowell.com

Molly A. Jones
Crowell & Moring LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800
mojones@crowell.com

Ryan Fitzgerald
Crowell & Moring LLP
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Tel: (312) 321-4200
rfitzgerald@crowell.com

December 29, 2023

Brian A. Biggs (#5591)
Jeff Castellano (#4837)
Stephanie E. O'Byrne (#4446)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Tel: (302) 468-5700
brian.biggs@us.dlapiper.com
jeff.castellano@us.dlapiper.com
stephanie.obyrne@us.dlapiper.com

*Attorneys for Defendant*
*ScentAir Technologies, LLC*

ScentAir must be permitted to raise the relevant, *indisputable* facts that the independent claims have been held invalid, have been cancelled, and are in the public domain, and therefore that Prolitec cannot claim damages for their features. D.I. 240 at 30. Prolitec wants to hide these facts from the jury, and is even resisting letting the jury see the current, official versions of the patents that include the IPR Certificates. ScentAir has informed Prolitec that it does <u>not</u> intend to tell the jury about the IPRs, the invalidating prior art, the PTAB's standards of proof, or Prolitec's failure to appeal. But as the IPR certificate is part of the official government record of each patent to be admitted into evidence *by ScentAir* plainly indicates, claim 9 of each asserted patent is now "cancelled."[1] The jury will see this, and in any case, ScentAir would be prejudiced if it could not reference the claims' legal status, particularly in the context of the apportionment of damages.

While Dr. Hultmark and Dr. Vigil's reasonable royalty analyses were stricken for failure to properly apportion the value of the asserted claims to the incremental improvements of the *asserted* claims (D.I. 240 at 29-30), and while the Court's *Daubert* rulings preclude Prolitec from seeking damages based on the benefits of "scent diffusion" generally (*e.g.*, *id.* at 38), Dr. Vigil has no opinion further apportioning damages down from the overbroad "scent diffusion" category. In rebuttal, ScentAir must establish that no value can be attributed to the claim 9 benefits, because they are invalid and Prolitec has no rights in them. These are facts of consequence. FRE 401.

In a similar situation, the court in *G.W. Lisk Co. v. Power Packer N.A., Inc.* allowed the jury to learn of the cancellation of independent claims as relevant to apportionment. No. 4:17-cv-273-SMR-SBJ, 2023 WL 3680079, at *1-2 (S.D. Iowa Apr. 13, 2023) ("court-supervised instruction of the cancellation of [independent] claims by the [ ] PTAB is appropriate"). The *G.W.*

---

[1] Prolitec elected not to appeal the PTAB's April 22, 2022 final written decisions in IPR2021-00012 (the '004 patent) and IPR2021-00014 (the '976 patent), and accordingly, cancellation of claim 9 of the asserted patents is final. 35 U.S.C. §318(b).

*Lisk* court held, "the cancellation of claims is relevant [to liability and damages,] but may not be used to suggest [the] remaining claims are invalid," and required a jury instruction on the burden of proof. *Id*. This is exactly what ScentAir suggests here in its proposed final jury instruction:

> Independent Claim 9 of the '004 patent and Claim 9 of the '976 patent are not asserted in this case, and they have been previously decided to be invalid and, as a result, have been cancelled. As I instructed you earlier, a dependent claim recites all the requirements of its independent claim and adds additional requirements. This means the scope of the dependent claim should be narrower than the scope of the independent claim from which it depends. The finding that the broader independent claim is invalid does not mean the narrower dependent claims are also invalid. Rather, you must consider the validity of each claim separately, on a claim-by-claim basis, according to the instructions I am about to give you.

Thus, ScentAir's reference to the invalidity and cancellation of claims 9 will not lead the jury to "conclude that the asserted dependent claims are more likely invalid," as Prolitec argues (at p.2).

Prolitec does not dispute that the jury must be informed that any damages must be properly apportioned, and it argues that "distinguishing between the asserted and non-asserted claims for the purposes of apportionment would suffice" (pp. 1-2). But the issue is more fundamental than "asserted" or "non-asserted." Prolitec has only attempted to base its damages theory on a quantification of "scent diffusion" functionality, without further value apportionment. Instructing the jury that the dependent claims are "asserted" and claim 9s are "unasserted" does not inform the jury that no value can be attributed to the features of the independent claims, mitigate speculation as to why that is, or address confusion as to why the patents list the claims as "cancelled." And if the claims could not be truthfully characterized as "cancelled" *or* invalid, jurors might incorrectly assume that the "unasserted" claims are valid and that the value of their features are recoverable—right in line with the damages opinions the Court properly excluded under *Daubert*. Accurately referring to the legal status of the independent claims is the only way to ensure that the jury understands that no damages can be attributed to the features and benefits provided by the invalid, cancelled claims 9. To wit, ScentAir proposes informing the jury that:

2

> [i]n this case, because all of the asserted claims are dependent claims, and because the independent claims from which they depend have been previously determined to be invalid, an award of damages must be based only on the value contributed by the novel features set forth in the asserted dependent claims, as opposed to features of the independent claims that have been invalidated.

This is far from the "usual" case where admitting a non-final or non-merits PTAB decision risks confusion of the issues in view of different claim constructions or standards of proof. *Vaporstream, Inc. v. Snap Inc.* is particularly inapposite, since in that case, the plaintiff sought to introduce evidence that defendant *failed* to convince the PTAB that the patents-in-suit were obvious, when obviousness was not an issue for trial. 2020 WL 978731, *1, 7-8 (C.D. Cal. Feb. 28, 2020). There, the risk of prejudice and jury confusion about differing standards of proof clearly outweighed the non-existent relevance of an issue *not* before the jury.[2] Here, the status of the claims 9 is highly relevant to apportionment. To the extent there is any prejudice to Prolitec, it can be substantially overcome by ScentAir's well-balanced proposed final jury instructions, or other carefully crafted instructions.[3] *G.W. Lisk Co.*, 2023 WL 3680079, at *1-2.

---

[2] Your Honor cited *Vaporstream* in *Ioengine, LLC v. PayPal Holdings, Inc.*, 2022 WL 2800911, at *1 (D. Del. June 27, 2022) and declined defendants' request to introduce the "outcomes of, *as well as evidence, testimony, and argument from*, IPRs challenging the Asserted Patents and the related U.S. Patent No. 8,539,047" to establish that the validity of the dependent claims was contingent upon their added limitations. *See* C.A. No. 18-826, D.I. 426 at 1 (emphasis added). Respectfully, *Ioengine* is distinguishable because the request there was much broader and more potentially prejudicial, given the lower standard of proof. The IPR decision was not final at the time of the Court's decision. Further, unlike here, the defendant failed to show that the IPR evidence was critical to the jury's understanding of any particular issue.

[3] Indeed, appropriate jury instructions mitigate the risks of jury confusion in admitting even *non-merits* PTAB decisions. *See Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1351-52 (Fed. Cir. 2019) (under Supreme Court authority, the district court did not abuse its discretion in admitting PTAB evidence with limiting instructions); *accord Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV 12-00329 AG, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014) (denying motion to exclude evidence of PTO's rejection of IPR petition, as "[a]ny potential confusion can be addressed by appropriate jury instructions" on the standards); *Dexcowin Glob., Inc. v. Aribex, Inc.*, 2017 WL 3478492, at *3 (C.D. Cal. June 29, 2017) (same); *StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 13-2240, 2015 WL 3824208, at *9 (M.D. Fla. June 19, 2015) (same).

Dated: December 29, 2023

| | |
|---|---|
| OF COUNSEL: | DLA PIPER LLP (US) |
| Joshua B. Pond<br>Vincent J. Galluzzo<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004-2595<br>(202) 624-2500 | */s/ Stephanie E. O'Byrne*<br>Brian A. Biggs (DE Bar No. 5591)<br>Jeff Castellano (#4837)<br>Stephanie E. O'Byrne (#4446)<br>DLA PIPER LLP (US)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801<br>Tel: (302) 468-5700<br>brian.biggs@us.dlapiper.com<br>jeff.castellano@us.dlapiper.com<br>stephanie.obyrne@us.dlapiper.com |
| Molly A. Jones<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>(415) 986-2800 | |
| Ryan Fitzgerald<br>CROWELL & MORING LLP<br>455 N. Cityfront Plaza Drive<br>Chicago, IL 60611<br>(312) 321-4200 | *Attorneys for Defendant<br>ScentAir Technologies, LLC* |

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC INC., <br><br> Plaintiff, <br><br> v. <br><br> SCENTAIR TECHNOLOGIES, LLC., <br><br> Defendant. | C.A. No. 20-984-WCB |

# PROLITEC'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO *INTER PARTES* REVIEW PROCEEDINGS OF THE ASSERTED PATENTS

There is no probative value of telling the jury that the independent claims of the asserted dependent claims are invalid and canceled, instead of non-asserted. To the extent there is any marginal probative value, it is far outweighed by the risk of unfair prejudice, jury confusion, and wasting trial time. Informing the jury that the independent claims are not asserted (as opposed to invalid) is sufficient to address ScentAir's concern about apportionment. Prolitec's proposed final jury instruction does just that without needing to mention invalidity or cancellation:

> In this case, because all of the asserted claims are dependent claims, and because the independent claims from which they depend are not asserted, **an award of damages must be based *only* on the value contributed by the features of the asserted dependent claims, as opposed to features of the independent claims.**

Further, Prolitec does not intend to offer any opinions from Dr. Vigil concerning the value of scent diffusion as that would be in direct conflict with the Court's holdings regarding apportionment. Prolitec's Resp. to ScentAir's Mot. in Lim. to Preclude Evid. or Arg. Attributing Patented-Claim Value to Scent Diffusion, at 2.; D.I. 240 at 29-39.

There is far greater risk here of unfair prejudice than in the primary case relied upon by ScentAir because "validity [was] not at issue at trial" in *G.W. Lisk Co. v. Power Packer N.A., Inc.* No. 4:17-cv-273-SMR-SBJ, 2023 WL 3680079, at *4 (S.D. Iowa Apr. 13, 2023). Thus, unlike here, there was minimal risk of a spillover effect or juror confusion between issues, and the *G.W. Lisk* court's limiting instruction was sufficient to overcome this decreased risk of prejudice. Additionally, if the IPR certificate and the invalidity and cancellation of the independent claims are brought to the jury's attention, valuable trial time would have to be spent educating the jury about the IPR proceedings to mitigate juror confusion regarding their significance. None of this is necessary to address the issue ScentAir raises. In sum, there is no dispute that Prolitec cannot obtain damages for the benefits of the independent claims. Prolitec simply wants to accomplish this in a way that does not cause unfair prejudice, jury confusion, and wasting trial time.

| | |
|---|---|
| Dated: January 5, 2024 | MCCARTER & ENGLISH, LLP |
| OF COUNSEL: | /s/ *Alexandra M. Joyce*<br>Brian R. Lemon (#4730) |
| Marc C. Levy<br>Syed M. Abedi<br>Jessica S. Gritton<br>Emily M. Ross<br>SEED IP LAW GROUP LLP<br>701 Fifth Avenue, Suite 5400<br>Seattle, WA 98104<br>Tel: (206) 622-4900<br>MarcL@seedip.com<br>SyedA@seedip.com<br>Jessica.Gritton@seedip.com<br>Emily.Ross@seedip.com | Alexandra M. Joyce (#6423)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Tel: (302) 984-6300<br>blemon@mccarter.com<br>ajoyce@mccarter.com<br><br>*Counsel for Plaintiff,*<br>*Prolitec Inc.* |