# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC INC., <br><br> Plaintiff, Counter-Defendant <br><br> v. <br><br> SCENTAIR TECHNOLOGIES, LLC, <br><br> Defendant, Counter-Plaintiff | C.A. No. 20-984-WCB <br><br>  <br><br> PUBLIC VERSION FILED: January 16, 2024 |

**LETTER TO THE HONORABLE WILLIAM C. BRYSON FROM BRIAN C. LEMON, ESQ., REGARDING REQUEST TO EXCLUDE SCENTAIR'S PROPOSED TRIAL EXHIBIT, U.S. PATENT NO. 11,730,846 (THE "BREEZE PATENT")**

Dated: January 8, 2024

Marc C. Levy
Syed M. Abedi
Jessica S. Gritton
Emily M. Ross
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel: (206) 622-4900
MarcL@seedip.com
SyedA@seedip.com
Jessica.Gritton@seedip.com
Emily.Ross@seedip.com

Brian R. Lemon (#4730)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: (302) 984-6300
blemon@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Prolitec Inc.*

Dear Judge Bryson:

Per the Court's instruction, Prolitec submits this response to ScentAir's argument at the January 4, 2024 conference regarding the relevance of U.S. Patent No. 11,730,846 (proposed trial exhibit DX-148; the "Breeze patent"), which covers a portion of the accused ScentAir Breeze, and related testimony. The Breeze patent should be excluded because it does not cover any equivalents Prolitec has proposed under the doctrine of equivalents, nor does it support ScentAir's analysis of *Georgia-Pacific* factor 13.

**The Breeze Patent Is Not Relevant Because It Does Not Cover Any Proposed Equivalent**

A defendant's patent covering an accused product is generally not relevant to determining infringement because "the existence of one's own patent does not constitute a defense to infringement of someone else's patent." *Bio-Technology General Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996). But there is a narrow exception in some cases where infringement depends on a doctrine of equivalents theory. If a device that incorporates the alleged equivalent feature is separately patented, the patent is relevant to a determination of whether the equivalent is insubstantial. In *Festo*, the Federal Circuit observed that "when a device that incorporates the purported equivalent is in fact the subject of a separate patent, a finding of equivalency, while perhaps not necessarily legally foreclosed, is at least considerably more difficult to make out." *Festo Corp. v. Shokestsu Kinzoku Koygo Kabushiki Co.*,493 F.3d 1368, 1393 (Fed. Cir. 2007). That is because there is "a strong argument that an equivalent cannot be both non-obvious and insubstantial." *Id.*; *accord Siemens Med. Solutions USA Inc. v. Sant-Gobain Ceramics Plastics Inc*., 637 F.3d 1269, 1280 (Fed. Cir. 2011); *see Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1570 (Fed. Cir. 1996) ("The nonobviousness of the accused device, evidenced by the grant of a United States patent, is relevant to the issue of whether the change therein is substantial.").

The key premise for the relevance of the defendant's patent in a doctrine of equivalents case is that the defendant's patent claims the alleged equivalent structure. *See, e.g.*, *Siemens*, 637 F.3d 1269 at 1275-77 (where the non-asserted patents claimed 10% Y LYSO crystals, which were alleged to be equivalent to the LSO crystals of the asserted patent). It is necessary for the equivalent to be found not obvious to make the patent relevant to whether the change to create the equivalent is insubstantial. That is, if the equivalent structure is found not obvious, that tends to indicate that the change is not insubstantial.

Here, the Breeze patent is irrelevant to ScentAir's defense to infringement because it does not cover any of Prolitec's proposed equivalent structures. The Breeze patent is directed to "a collector assembly adapted for use in a fragrance diffusion system." *See* Breeze patent, Abstract. Although some claims limit the environment to a "fragrance cartridge" or "fragrance diffusion system" in their preambles, the Breeze patent only claims structures comprising the "collector assembly." For example, claim 1 recites:

> A fragrance cartridge incorporating a collector assembly adapted for use in
> a fragrance diffusion system, said collector assembly comprising:
>> a dual-thread collector base . . . ;
>> an atomizing device . . . ;

>> an elongated vacuum tube fluidly connected to said atomization chamber on a cartridge side of said collector base . . . ; and
>> at least one diffusion opening formed in said collector base for enabling movement of fragrant vapor outwardly from said cartridge.

Prolitec does not propose any equivalents that consist of just the collector assembly, or even just the Breeze Cartridge. For the '004 patent, Prolitec proposes only an equivalent "tortuous passage" that includes the funnel. Hultmark Suppl. Rpt. at ¶ 6 ("The Accused Product differs from a cartridge as recited in the claims only in that one of the components that form the tortuous passage (e.g., the funnel) is attached directly to the lid rather than to the Breeze cartridge."). For the '976 patent, Prolitec proposes the same equivalent "tortuous passage" which includes the funnel and an equivalent "cartridge housing" that contains a portion of the lid. *Id.* at ¶ 19. Finally, under Dr. Hultmark's alternative DOE theory, he asserts that the combination of the lid (with the funnel attached) and the Breeze cartridge is an equivalent to the Breeze cartridge. *Id.* at ¶¶ 8-12.

The Breeze patent claims do not recite *any* of these equivalent structures cited by Dr. Hultmark. *See* Breeze patent, claims. Indeed, these structures are not even disclosed in the specification of the patent. *See, e.g.*, 8:4-31 (explaining Fig. 2, which illustrates the fragrance cartridge in a fragrance diffusion system). There is not even disclosure related to the funnel or lid of the fragrance diffusion system.[1] *See, e.g.*, *id.*

In sum, the circumstances that would make a defendant's patent relevant to a DOE case do not apply here. Because the Breeze patent on the collector assembly does not claim any of the alleged equivalent structures, the non-obviousness of that assembly says nothing about whether the equivalent structures are insubstantial.

**The Breeze Patent Is Not Relevant to ScentAir's Analysis of *Georgia-Pacific* Factor 13**

ScentAir also argues that the Breeze patent is relevant to *Georgia-Pacific* factor 13, which considers "[t]he portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or *improvements added by the infringer*." *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (emphasis added). In *Wonderland*, the case relied on by ScentAir, the Court denied a motion in limine to exclude the defendant's patent on this basis because defendant's expert "relied on *Georgia-Pacific* Factor Number 13 in using [defendant's] granted patents as part of his calculation of a reasonable royalty." *Wonderland NurseryGoods Co. v. Thorley Indus., LLC*, 2014 WL 241751, at *2 (W.D. Pa. Jan. 22, 2014). ScentAir's argument fails from the get-go because ScentAir's expert has not relied on the Breeze

---

[1] ScentAir has itself argued that the disclosures of the Breeze patent application do not show the claimed tortuous passage in its letter to Prolitec. Letter from Joshua B. Pond to Marc C. Levy (March 2, 2023) ("[Figure 11] explicitly shows that the passage is straight, as represented by the straight arrows extending through the 'perforated collector wall 55.' While Prolitec identifies the 'funnel' and 'lid' of the ScentAir Breeze as part of the 'tortuous passage,' the funnel and lid are not part of the cartridge, let alone the 'insert' of a cartridge. This is tellingly exemplified by the fact that the funnel and lid are not shown in [Figure 11]."). Additionally, ScentAir's 30(b)(6) witness, Matthew Browne, denied that the patent application depicts the full Breeze product. *See, e.g.*, Browne Dep. at 134:2-6, 134:9-136:2.

patent in connection with his analysis of *Georgia-Pacific* factor 13. McElroy Rebuttal Rpt. at ¶ 123 (stating that the analysis of *Georgia-Pacific* factor 13 was included in his previous quantitative analysis), Exs. 12-17.2 (not referring to any alleged improvements made by ScentAir, let alone any patents or patent applications). Absent its inclusion in the *Georgia-Pacific* analysis, there is no relevance of the Breeze patent to the damages issues in this case. Finally, to the extent ScentAir proposes there is some marginal relevance to the Breeze patent independent of its damages expert's opinions, such relevance would be substantially outweighed by the serious potential for jury confusion caused by introducing defendant's patent into this case.

Respectfully submitted,

*/s/ Brian R. Lemon*

Brian R. Lemon (#4730)

cc: Counsel of Record (via CM/ECF and E-Mail)

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on January 8, 2024 on the following counsel in the manner indicated:

Brian A. Biggs
Jeffrey Castellano
Steohanie E. O'Byrne
DLA PIPER LLP
1201 North Market Street, Suite 2100
Wilmington, DE 19801
(302) 468-5700
brian.biggs@usdlapiper.com
jeff.castellano@us.dlapiper.com
stephanie.obyrne@us.dlapiper.com

Joshua B. Pond
Vincent J. Galluzzo
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
jpond@crowell.com
vgalluzzo@crowell.com

Ryan Fitzgerald
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive
Chicago, IL 60611
rfitzgerald@crowell.com

Molly A. Jones
CROWELL & MORING
3 Embarcadero Center, 26th Flr
San Francisco, CA 94111
mojones@crowell.com

*Counsel for Defendant ScentAir Technologies, LLC*

/s/ *Alexandra M. Joyce*
Alexandra M. Joyce (#6423)

1