

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Stephanie E. O'Byrne
Stephanie.OByrne@dlapiper.com
**T** 302.468.5645

January 25, 2024

<u>Via CM/ECF</u>
The Honorable William C. Bryson
U.S. District Court for the District of Delaware

> Re: *Prolitec Inc. v. ScentAir Technologies, LLC,* C.A. No. 20-984-WCB (D. Del.);
> <u>ScentAir's Submission re: Jury Instruction on No Pre-Suit Damages</u>

Dear Judge Bryson:

In furtherance to the discussion during the jury charge conference today, ScentAir submits that Prolitec is not entitled to claim damages prior to July 24, 2020—the date of filing of the Complaint—and that the jury should be instructed that it cannot award pre-suit damages.

*The parties' communications re: the failure to mark.*

The Aera has never been marked with the patents-in-suit. During discovery, ScentAir served a specific RFP seeking documents reflecting or relating to Prolitec's marking or failure to mark its products with the Asserted Patent numbers (RFP 84), to which Prolitec responded on October 6, 2022.  (**Ex. A**); D.I. 84.  A subsequent letter from Prolitec's counsel confirmed that there were no responsive documents.  (**Ex. B**).  In its letter response dated March 1, 2023, ScentAir stated that "[w]e understand Prolitec's response to mean that it does not currently mark, and at no time in the past has it marked, any products pursuant to 35 U.S.C. § 287."  (**Ex. C**).

ScentAir concurrently served contention Interrogatory No. 8, asking if Prolitec contended that any of its products practice the asserted claims, and contention Interrogatory No. 9, asking "[f]or each of the Prolitec Asserted Patents, [that Prolitec] identify the first date on which any product was marked with the patent number and identify all products that have been marked with any of the patent numbers of the Prolitec Asserted Patents."  (**Ex. D**); *see* D.I. 135 (Notice of Service dated February 23, 2023). On March 22, 2023, Prolitec responded to ScentAir's Interrogatory No. 8, confirming that its Aera and Aera mini products practice claims 17 and 23 of the '004 patent and claims 15, 16, 17 and 22 of the '976 patent.  (**Ex. D**).  It further responded to Interrogatory No. 9: "Prolitec states that, to date, its products have not been marked with the patent numbers of the Prolitec Asserted Patents." *Id.* A verified version of these responses was marked as DX-051 for admission at trial (**Ex. E**), without objection. *See* D.I. 274, Ex. 5D at p.2.  At trial, Prolitec repeatedly emphasized that the Aera device practices the asserted patents; Mr. Ansley described how the design for the Aura (the pre-launch name for the Aera) resulted in the patented improvements. (Tr. 109:4-112:15). The Aera device and cartridge were thereafter admitted as DX-160 and DX-161 and, as is readily obvious upon visual inspection, they are not marked.

*Disclosure and Production Framework.*

> Because the marking requirement of [35 U.S.C.] § 287 is a condition of damages, not an affirmative defense, the patentee bears the burden of proving compliance, either by showing that the relevant products were marked or by showing that they did not practice the patent. *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017). However, to give reasonable boundaries to the patentee's burden of proof, the Federal Circuit has imposed a limited initial burden on accused infringers: they must identify the articles sold that allegedly embody the patents. *Id.* at 1368. The accused infringer's burden is not a burden of proof or persuasion; ***it is merely a procedural burden to provide notice*** of the identity of products that it believes required marking. *Id.* ("To be clear, this is a low bar.").

*Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, C.A. No. 14-1480-RGA, 2022 WL 4548644, at *14 (D. Del. Sept. 29, 2022) (emphasis added).

**Prolitec Cannot Disclaim Marking Admittedly Practicing Products and Submit Pre-Suit Damages to the Jury.**

Prolitec does not attempt to escape the effect of its verified interrogatory responses, and agrees that it cannot meet its burden of proving compliance with § 287. It therefore makes a technical argument that it did not have notice of its *own* disclaimer of any entitlement to pre-suit damages. As a consequence, the jury would be free to award damages that Prolitec is admittedly not entitled to under the law—worse, that Prolitec expressly disclaimed. *Arctic Cat* was not intended to yield such a twisted result. That Court sought only to avoid the situation where the "universe of unmarked products for which [a plaintiff] would have to establish compliance" with the marking statute would be "unbounded" and result in a "large scale fishing expedition and gamesmanship." *Arctic Cat*, 876 F.3d at 1368. The notice requirement was intended to limit a potential burden on the *patentee*—not to provide the patentee a loophole to recoup a jury award of disclaimed, pre-suit damages.

Prolitec essentially asserts that it did not have notice of its *own* disclaimer of entitlement to pre-suit damages, and that despite Prolitec's clear and verified Interrogatory responses, ScentAir was required to send Prolitec a mirror-image confirmation reciting that the Aera was not marked pursuant to § 287. Prolitec's position is nonsensical, as is any notion that Prolitec was prejudiced by ScentAir's lack of "magic word" confirmation.

The notice requirement is procedural, not substantive—a "low bar" that was not intended to provide a windfall. *Arctic Cat*, 876 F.3d at 1368. If a ScentAir-to-Prolitec communication is strictly required, ScentAir's March 1, 2023 letter provided notice that we understood that Prolitec has never marked its products. (**Ex. C**). Indeed, under a technical interpretation of *Arctic Cat*, ScentAir's on-the-record JMOL, the parties' and the Court's discussions around this issue, and this letter meet the notice requirement of *Arctic Cat.* The Court should grant ScentAir's JMOL on this issue (D.I. 297), and/or further allow a jury instruction of no pre-suit damages. Alternatively, the Court could re-open the record and permit ScentAir to read the relevant portion of DX-051 into the record, analogously to the procedure the Court utilized for the Uncontested Facts.

Respectfully,

*/s/ Stephanie E. O'Byrne*

Stephanie E. O'Byrne (No. 4446)

cc: All counsel of record (by CM/ECF)

3