IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROLITEC INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 20-984-WCB |
| | § | |
| SCENTAIR TECHNOLOGIES, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Following a jury trial in which judgment of noninfringement was entered in its favor, ScentAir Technologies, LLC ("ScentAir") has filed a motion seeking three forms of relief. First, ScentAir asks the court to direct entry of a final, appealable judgment under Fed. R. Civ. P 54(b) on the two infringement claims asserted by Prolitec Inc. ("Prolitec"). In the alternative, ScentAir asks the court to sever Prolitec's infringement claims from ScentAir's counterclaim asserting that Prolitec has infringed ScentAir's U.S. Patent No. 10,838,388. Second, ScentAir asks the court to make findings on ScentAir's prosecution history estoppel defense, which was raised shortly before trial and renewed during trial in the form of a motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). Third, ScentAir requests that the court enter an order pursuant to Fed. R. Civ. P. 58(e) providing that if a timely motion for attorney's fees is filed under Rule 54(d)(2), the motion will have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Fed. R. Civ. P. 59; that is, ScentAir requests an order providing that the time for an appeal will run for all parties from the entry of the order disposing of the motion for attorney's fees. For the reasons set forth below, ScentAir's motion for certification under Rule 54(b) is GRANTED;

1

ScentAir's motion for findings on ScentAir's prosecution history estoppel defense is DENIED; and ScentAir's motion for entry of an order under Rule 58(e) is DENIED.

## I. Certification Under Rule 54(b)

There are two distinct parts to this case: Prolitec's claim of patent infringement against ScentAir, and ScentAir's claim of patent infringement against Prolitec. The two parts of the case were bifurcated in December 2022. Dkt. No. 145.[1] Following a one-week trial that began on January 22, 2024, the jury rendered a verdict on Prolitec's claims of patent infringement, finding that ScentAir had not infringed either of Prolitec's two asserted patents, but rejecting ScentAir's contention that the two patents are invalid. ScentAir's counterclaim asserting that Prolitec has infringed ScentAir's patent has been stayed pending reexamination of ScentAir's asserted patent at the Patent and Trademark Office. Dkt. No. 212.[2]

The two parts of this case have little to do with one another. At the claim construction hearing, which addressed the asserted claims from both sets of patents, Judge Andrews explained that "[Prolitec's] claims, which were based on devices and [ScentAir's] claims, which are based on software . . . seem to be like two separate worlds." Dkt. No. 318-1, Ex. A at 92:25–93:4. Accordingly, Judge Andrews concluded that "there would [not] be a whole lot of overlap in the

---

[1] In an oral order bifurcating the two sets of claims, Judge Andrews stated that he would "sever the Defendant's patent infringement case from Plaintiff's patent infringement case." Dkt. No. 117. Although Judge Andrews used the term "sever," it is clear that the case has been treated as bifurcated under Fed. R. Civ. P. 43, rather than severed under Fed. R. Civ. P. 21. In a later order, Judge Andrews explained his action as "bifurcating ScentAir's claims from Prolitec's claims." Dkt. No. 145. The parties also characterized the action as "bifurcating" the case. *See* Dkt. No. 142. Following those orders, the case has proceeded with a single case number but under two separate schedules, a procedure that is consistent with bifurcation, not severance.

[2] ScentAir represents that the *ex parte* reexamination has resulted in a decision confirming that original claims 1-20 of ScentAir's patent are patentable, and that the Patent and Trademark Office is expected to issue a Notice of Intent to Issue *Ex Parte* Reexamination Certificate shortly. Dkt. No. 318, at 4.

2

cases." *Id.* at 93:4–6. Whereas Prolitec's patents address the structure of physical devices, ScentAir's patents relate to control of distributed scent delivery devices over a communication network. As such, the legal claims are largely unrelated.

Following the trial in which the jury found that ScentAir did not infringe the asserted claims of Prolitec's patents but that the asserted claims were not invalid, ScentAir moved for entry of a final judgment as to the asserted claims under Rule 54(b). In support of that motion, ScentAir argues that it would be in the interest of justice for the court to permit an immediate appeal from the judgment on Prolitec's claims of infringement and ScentAir's claims of invalidity, even though ScentAir's infringement counterclaim against Prolitec remains unresolved. In the alternative, ScentAir argues that the court should formally sever Prolitec's claims of infringement against ScentAir from ScentAir's claims of infringement against Prolitec.

There is an "historic federal policy against piecemeal appeals." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956). Consistent with that policy, courts have recognized only narrowly circumscribed exceptions to the requirement that there be a final judgment disposing of all the claims in a case before an appeal may be taken. *See Microsoft Corp. v. Baker*, 582 U.S. 23, 36–37 (2017) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). One of the exceptions to that general rule is embodied in Rule 54(b), which provides that "when an action presents more than one claim for relief, . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims." Fed. R. Civ. P. 54(b). However, the court may do so only if it "expressly determines that there is no just reason for delay." *Id.*

"There are three prerequisites for invoking Rule 54(b): (1) multiple claims for relief or multiple parties must be involved; (2) at least one claim or the rights and liabilities of at least one party must be finally decided; and (3) the district court must find that there is no just reason for

3

delaying an appeal." *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 841 F.3d 1334, 1347 (Fed. Cir. 2016) (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2656 (3d ed. 2016)); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980) (limiting certification under Rule 54(b) to cases in which there has been a final judgment on the merits and there exists no just reason for delay).

It is clear that the first two prerequisites outlined in *Alfred* are satisfied in this case. Prolitec and ScentAir have each asserted separate claims of relief against one another and a jury has rendered a verdict on Prolitec's claim. *See W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 863 (Fed. Cir. 1992) ("Because the infringement claim and several dispositive defenses were ruled upon, the district court's judgment was final."). The more challenging issue is determining whether "there is no just reason for denying an appeal."

Determining whether there is "no just reason for delay" falls within the discretion of the district court. *Curtiss-Wright*, 466 U.S. at 10. In resolving that issue, the district court must consider "judicial administrative interests as well as the equities involved." *Id.* at 8. In patent cases, courts look particularly to "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *W.L. Gore & Assocs.*, 975 F.2d at 862; *Wi-LAN Inc. v. Sharp Elecs. Corp.*, No. CV 15-379-LPS, 2019 WL 4344158, at *3 (D. Del. Sept. 12, 2019), *aff'd*, 992 F.3d 1366 (Fed. Cir. 2021). Other pertinent factors include "the possibility that the need for review might or might not be mooted by future developments in the district court," "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final," and "miscellaneous factors such as delay, economic and solvency considerations, shortening the time

4

of trial, frivolity of competing claims, expense, and the like." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006); *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975). Taken together, these factors weigh in favor of issuing a Rule 54(b) certification.

First, the claims for which ScentAir is asking the court to direct entry of a final judgment under Rule 54(b) are clearly separable from those remaining to be adjudicated. Judge Andrews previously found as much when he bifurcated the case for trial, and I agree with his conclusion in that regard. Importantly, the technologies at issue in the two portions of the case are largely unrelated. While the patents asserted by both parties relate to scent diffusion technology, Prolitec's claims against ScentAir concern the structure of physical devices, whereas ScentAir's claims against Prolitec relate to control of distributed scent delivery devices over a communication network. This factor thus weighs in favor of certification under Rule 54(b).

Second, given the dissimilarity of the two sets of claims, it is unlikely that Rule 54(b) certification would result in requiring the reviewing court to consider the same issue more than once. Any factual overlap between Prolitec's claims and ScentAir's counterclaims would be limited to generic background information, which does not weigh against a finality determination. *See Keurig, Inc. v. Sturm Foods, Inc.*, No. CV 10-841-SLR, 2012 WL 12896333, at *2 (D. Del. Nov. 2, 2012), *aff'd*, 732 F.3d 1370 (Fed. Cir. 2013); *W.L. Gore & Assocs.*, 975 F.2d at 864 (finding no abuse of discretion in district court's finality determination, despite "factual overlap on only tangential issues"). In that regard, Prolitec does not suggest that a finality determination would result in duplicative review of the same issue by an appellate court. *See* Dkt. No. 320 at 11.

Third, the need for review of the jury verdict regarding Prolitec's claims against ScentAir is not contingent upon resolution of ScentAir's counterclaims against Prolitec. No further

proceedings in ScentAir's claims against Prolitec would seem likely to bear on either party's appeal from the jury verdict in the case Prolitec brought against ScentAir.

Fourth, the jury found no damages for Prolitec's claim against ScentAir. Therefore, there is no risk that a recovery on ScentAir's counterclaim would need to be "set-off against the judgment sought to be made final." *Allis-Chalmers*, 521 F.2d at 364; *Berckeley*, 455 F.3d at 203. Because no damages were awarded to Prolitec on Prolitec's claims, there would be nothing against which to offset any judgment in favor of ScentAir on ScentAir's counterclaim.[3]

Finally, miscellaneous factors favor directing entry of a final judgment on the tried issues under Rule 54(b). There is no just reason to force ScentAir to await final judgment in its counterclaim case against Prolitec before resolving Prolitec's claims against ScentAir. And there is no just reason to delay an appeal by either party that may wish to appeal from the portions of the jury verdict in the January trial that were adverse to it. This is particularly true in this case, as the delay in resolving ScentAir's counterclaim against Prolitec could be significant. Because of the pendency of the reexamination proceedings involving ScentAir's patent, a trial date for ScentAir's case against Prolitec has not yet been set. Denying the motion to direct entry of judgment on the portion of the case involving Prolitec's claims would therefore result in a considerable delay in resolving the disputes that were the focus of the jury's verdict in January of this year.

---

[3] It is possible, of course, that set-offs could arise with respect to different impositions of costs and attorney fees following the litigation of ScentAir's infringement against Prolitec. That possibility is present in many cases in which a Rule 54(b) judgment is entered, and for that reason cannot bar a court from directing the entry of final judgment as to fewer than all of the claims in the case. However, the possibility of conflicting awards of costs and attorney fees may counsel postponing a decision on the issues of costs and fees until the end of the entire case.

Based on all these factors, I conclude that there is no just reason for delay in the appellate consideration of the parties' contentions arising from Prolitec's patents that have been resolved and are ripe for appeal. ScentAir's motion for entry of a final judgment on Prolitec's claims against ScentAir under Rule 54(b) is therefore granted.

## II. Findings on ScentAir's Prosecution History Estoppel Defense

ScentAir next moves the court to enter findings on ScentAir's prosecution history estoppel defense, which pertains to one of the two Prolitec patents in suit, U.S. Patent No. 9,745,976 ("the '976 patent"). Shortly before trial and in its Rule 50(a) motion during trial, ScentAir raised the prosecution history estoppel argument. But following the jury's verdict of no infringement, the court denied the motion as moot. Dkt. No. 309.

ScentAir now asks for the court, in effect, to reconsider that order and enter findings on its prosecution history estoppel defense for two reasons. First, ScentAir argues that because Prolitec's patents were not found invalid, a finding of prosecution history estoppel would prevent Prolitec from making similar assertions of infringement under the doctrine of equivalents against ScentAir or other Prolitec competitors. Second, ScentAir argues that issuing findings on prosecution history estoppel will aid in the adjudication of the motion for attorney's fees that ScentAir plans to file relating to the proceedings that led to the verdict of non-infringement and no invalidity as to Prolitec's patents.[4]

---

[4] Although ScentAir characterizes its prosecution history estoppel argument as having been "timely" raised, in fact the issue arose only very shortly before trial. The first mention of prosecution history estoppel appeared in the proposed joint pretrial order, which was filed on January 8, 2024, two weeks before the trial. In that document, ScentAir noted (for the first time) that one of the issues to be resolved in the case was prosecution history estoppel. Dkt. No. 266 ("ScentAir requests that, prior to trial, the Court resolve issues of prosecution history estoppel that have newly arisen in relation to the Supplemental Expert Report of Dr. Hultmark. . . ."). At the pretrial conference on January 12, 2024, the court invited the parties to brief the prosecution history estoppel issue, and the parties did so in letter briefs filed on January 16 and 18, 2024, the week

ScentAir's first argument, that resolution of the prosecution history estoppel issue is necessary to protect against future assertions of Prolitec's patents, is unpersuasive. First, ScentAir has not represented that it has any products, or plans for products, that might be vulnerable to charges of infringement by Prolitec's '976 patent. Moreover, if the jury verdict of non-infringement becomes final, ScentAir will have considerable protection from any further assertion of that patent against ScentAir products by virtue of the doctrine of collateral estoppel. The prospect that there may be a ScentAir product within the scope of the '976 patent, but which would not be protected from suit by the doctrine of collateral estoppel (or claim preclusion) is wholly speculative.

ScentAir's passing suggestion that resolution of the prosecution history estoppel issue is needed to protect others from suit by Prolitec, Dkt. No. 318 at 13, is even more strained. Besides the fact that collateral estoppel could be invoked by parties other than ScentAir, there has been no suggestion by ScentAir that there are other products in the field that would be subject to the '976

---

before trial. Dkt. Nos. 281 & 289. The next day, the Friday before the beginning of trial, the court advised the parties that the prosecution history arguments would be heard by the court during trial. Dkt. No. 292.

While ScentAir characterizes the proceedings relating to the prosecution history estoppel issue at trial as a "bench trial," Dkt. No. 318, at 3, the court treated the issue as part of ScentAir's Rule 50(a) motion at the close of the evidence. *See e.g.,* Dkt. No. 278 ("If the trial ends with a verdict of infringement under the doctrine of equivalents, ScentAir will be free to brief that issue, along with any other issue it chooses to raise, in support of a motion for judgment as a matter of law."). While prosecution history estoppel is an issue for the court, it may be considered as part of a motion for judgment as a matter of law. ScentAir treated the prosecution history estoppel issue that way in the brief it filed in support of ScentAir's Rule 50(a) motion, Dkt. No. 298, which reiterated the legal and factual arguments regarding prosecution history estoppel that were made in court. The rule governing that proceeding is Rule 50(a), not Rule 52, as ScentAir contends. Rule 52 applies to the court's obligation to make findings of fact and conclusions of law "[i]n an action tried on the facts without a jury." Because this was not an action tried without a jury, the court had no obligation to make findings of fact and conclusions of law on ScentAir's motion. Rather, the court "submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," Fed. R. Civ. P. 50(b), and subsequently denied the Rule 50(a) motion as moot in light of the jury's verdict of non-infringement. Dkt. No. 309.

patent but not subject to that patent if the court agreed with ScentAir's prosecution history estoppel theory. In any event, any adverse effect on other parties from the court's failure to address the prosecution history estoppel issue is not an effect that prejudices ScentAir.

ScentAir's second ground for arguing that the court should decide the prosecution history estoppel issue is that it would "further aid in a forthcoming motion for an exceptional case finding." Dkt. No. 318, at 12. Put less delicately, ScentAir wants the court to rule on prosecution history estoppel, even though it would not alter the non-infringement decision, because ScentAir is hoping that a favorable decision on the prosecution history issue will buttress its assertion that this case is exceptional within the meaning of 35 U.S.C. § 285 and should lead to an award of attorney's fees to ScentAir.

It is a commonplace proposition that a court need not decide issues on which the result in a case does not depend. The prosecution history estoppel point, which is more complex than ScentAir suggests, is not necessary to the resolution of the infringement issue, which is why the court dismissed ScentAir's argument on that issue as moot. The court is not inclined to decide issues not necessary to the judgment simply because one party concludes that a favorable decision would benefit that party on an unrelated ancillary issue.

In any event, even if I were to rule in ScentAir's favor on the prosecution history estoppel issue, it would not significantly support ScentAir's contention that this case is "exceptional." This case was closely contested, and the outcome, as represented by the jury's verdict, was a mixed result. While ScentAir prevailed on the issues of infringement, Prolitec prevailed on all the invalidity contentions raised by ScentAir. In light of that mixed verdict, it is unlikely that a favorable decision on one of the unresolved sub-issues supporting the portion of the verdict that ScentAir won would materially affect the attorney's fee issue. Finally, as ScentAir appears to

9

concede, the prosecution history estoppel issue would apply only to the '976 patent, not to the other patent that was tried to the jury, Prolitec's U.S. Patent No. 9,162,004. Therefore, even if ScentAir had prevailed on the prosecution history estoppel issue, it would not have avoided a trial in this case and likely would not have resulted in a significantly different verdict.

The request that the court enter findings on the prosecution history estoppel issue is therefore denied.

### III. An Order Under Rule 58(e)

ScentAir's last request is that the court enter an order under Fed. R. Civ. P. 58(e) providing that, upon ScentAir's motion for attorney's fees under Rule 54(d)(2), that motion will have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59, and that Prolitec's time for an appeal will run from the entry of the order resolving ScentAir's motion for attorney's fees.

Ordinarily, a judgment will be deemed final even if claims for attorney's fees and costs have not been resolved by the district court. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). That rule has resulted in some cases in which attorney's fees issues reached the courts of appeals long after the merits portion of the case, which had the effect of creating inefficiency in disposing of the appeals. In response to that problem, the Supreme Court in 1993 promulgated Rule 58(e), which provided a mechanism for district courts, in their discretion, to ensure that the attorney's fees motion would be disposed of before the judgment became final, thus assuring that the appeal on the merits of the case and the appeal regarding the attorney's fees motion would arrive at the appellate court in tandem. *See Ray Haluch Gravel Co. v. Central Pension Fund of Int'l Union of Operating Eng'rs and Participating Employers,* 571 U.S. 177, 186–87 (2014).

In some cases, that mechanism serves the interests of efficiency; in some cases, it does not. In a case in which there is an interest in having a speedy resolution of the merits appeal, the Rule 58(e), procedure may be undesirable, as the appeal of the merits issues must await the resolution of the attorney's fees issue. Similarly, if the attorneys' fees issue requires substantial time and effort to resolve, the delay resulting from tying the appeal on the merits to the resolution of the attorney's fees issue can be considerable. For that reason, Rule 58(e) leaves the question whether to link the merit with the attorney's fees motion to the discretion of the district judge. *See* Advisory Committee Note on the 1993 Amendments to Rule 58 ("Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decisions, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved. However, in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.")

The problem is more complex in a case in which a final judgment has been entered in the case under Rule 54(b). In that setting, different portions of the case will typically be addressed by the district court at different times. If the district court enters a Rule 58(e) order, and attorney fees are sought in connection with both portions of the case, the result will be that the court of appeals will be confronted with a total of four decisions arising from the one case in the district court: two decisions on the merits of the two portions of the case and two separate decisions on the attorney's fees motions.

That is a concern in this case. The problem with granting ScentAir's motion is that doing so would result in the court having to adjudicate the attorney's fee claim before all the information relating to the attorney's fee issue was before the court. In particular, if the court is required to

11

decide the attorney's fee issue before an appeal is taken from the judgment in the Prolitec patent portion of the case, the court will not have the benefit of considering the outcome of the ScentAir patent portion of the case in determining, for example, which party should be considered the "prevailing party," or whether the case, considered in toto, was "exceptional."[5] Because determining whether the case is exceptional and which party is the prevailing party for purposes of section 285 should be holistic determinations based on the entire history of the case, I will postpone addressing the attorney fee issue until after the entire case is resolved. The request that the court enter an order under Rule 58(e), which would have the effect of joining the litigation on the attorney's fee award (and any appeal from that determination) with any appeal that may be taken from the Rule 54(b) judgment in the Prolitec patents case, is therefore denied.

    IT IS SO ORDERED.

    SIGNED this 21st day of March, 2024.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

---

[5] In *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010), the Federal Circuit held that under section 285, "there can only be one prevailing party in a given case." While that case did not involve an appeal arising under Rule 54(b), the court's construction of the statute suggests that the court would disfavor splitting up the consideration of motions for attorney's fees in a case in which a Rule 54(b) certification was granted, such that one party could be the prevailing party in one portion of the case and the other party could be the prevailing party in the other portion of the case.