# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROLITEC INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> SCENTAIR TECHNOLOGIES, LLC, <br><br> Defendant/Counterclaim-Plaintiff | C.A. No. 20-984-WCB |

**SUPPLEMENTAL LETTER BRIEF**
**REGARDING SCENTAIR'S MOTION TO STRIKE**
**PORTIONS OF DR. CORY PLOCK'S REPLY REPORT**

Dated: September 25, 2024

**K&L GATES LLP**

Steven L. Caponi, Esq. (No. 3484)
Megan E. Hunt (No. 6569)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
megan.hunt@klgates.com

Of Counsel:

Vincent J. Galluzzo
K&L GATES LLP
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Phone: (704) 331-7400
vincent.galluzzo@klgates.com

Jared R. Lund
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602
Phone: (312) 372-1121
jared.lund@klgates.com

Dear Judge Bryson:

Plaintiff ScentAir Technologies, LLC ("ScentAir") submits this supplemental letter brief in response to the Court's request. D.I. 361. ScentAir's opening letter brief states that the "*Pennypack* factors control here," D.I. 354 at 1, because it has historically been the practice of this Court to evaluate issues like those raised by ScentAir's letter brief under *Pennypack*. This Court, however, has recently started applying the Rule 16 "good cause" standard in circumstances similar as those present here. Therefore, in line with this developing case law, the Court should apply the good cause standard instead of the *Pennypack* factors. That said, Dr. Plock's new theories are untimely and inappropriate under either standard and should be striken.

The Court's request addresses a developing body of jurisprudence in the District of Delaware that excludes untimely expert opinions under the good cause standard of Rule 16. *E.g.*, *State Farm Mut. Auto. Ins. Co. v. Amazon.com, Inc.*, No. CV 22-1447-CJB, 2024 WL 4145022, at *2 (D. Del. Sept. 11, 2024); *also see Lipocine Inc. v. Clarus Therapeutics, Inc.,* No. CV 19-622 (WCB), 2020 WL 4794576, at *9 n.4 (D. Del. Aug. 18, 2020). Although the traditional practice was to address untimely expert opinions using the *Pennypack* factors[1], the good cause jurisprudence views untimely expert opinions "through the lens of a scheduling order violation rather than" as a violation of Rule 26 to be resolved using the *Pennypack* factors. *Finjan, Inc. v. Rapid7, Inc.*, 2020 WL 5798545, *5 (D. Del. Sept. 29, 2020). When viewed through this lens, the Court applies the good cause standard of Rule 16 and "first consider[s] the diligence of the party seeking to modify the scheduling order. If that party has not been diligent, the inquiry ends (as good cause has not been demonstrated)." *State Farm*, 2024 WL 4145022, at *2 (internal citations omitted).

ScentAir's motion should also be evaluated under the good cause standard as Dr. Plock's untimely theories should be viewed through the lens of a violation of the Scheduling Order in this case. *See* D.I. 354 at 1 ("Dr. Plock's new opinions … violate the Court's Scheduling Order"). The Scheduling Order required that "the party who has the initial burden of proof on the subject matter" disclose expert testimony under Rule 26(a)(2) by June 14, 2023. D.I. 17 at ¶ 12(a); D.I. 145. Rule 26(a)(2) likewise requires that such expert reports contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Dr. Plock, however, did not disclose such a "complete statement" until his reply report. While responsive opinions are of course permitted in reply, the new theories ScentAir seeks to exclude here are not responsive to opinions in Mr. Dezmelyk's rebuttal report, as discussed at length in ScentAir's prior letters. Those new theories are not proper content for a reply report. *See Intellectual Ventures*, 2017 WL 478565, at *1. If Prolitec wanted Dr. Plock to provide such theories, it needed to seek ScentAir's consent or the Court's leave to file a supplemental report. *See* D.I. 17 at ¶ 12(a); *also BearBox LLC v. Lancium LLC,* No. CV 21-534-GBW, 2022 WL 17403466, at *2 (D. Del. Nov. 23, 2022) (finding that a party needed to seek leave to serve a supplemental report with new theories). To date, Prolitec has not sought leave, nor has it sought

---

[1] *E.g.*, *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 12–193–LPS, 2017 WL 478565, at *1-2 (D. Del. Jan. 31, 2017); *TQ Delta, LLC v. Adtran, Inc.*, 2020 WL 4529865, at *2 (D. Del. July 31, 2020); *Oasis Tooling, Inc. v. GlobalFoundries U.S., Inc.*, No. 1:22-CV-00312-CJB, Dkt. 492 (D. Del. June 6, 2024) (all applying the *Pennypack* factors because these cases considered the untimely expert opinions to be a violation of the disclosure requirement of Rule 26).

the consent of ScentAir to expand Dr. Plock's obviousness theories or to serve a supplemental report with Dr. Plock's new theories. These failures are tantamount to a violation of the Scheduling Order and demonstrates Prolitec's lack of diligence. Therefore, "the inquiry ends" and the Court should exclude those new theories. *State Farm*, 2024 WL 4145022, at *2.

Exclusion of Dr. Plock's new theories is also supported by the Court's recent decision in *State Farm*, which has facts analogous to the facts of this case. In *State Farm*, the Court entered an order requiring the defendants to make a final selection of prior art by a certain date. *State Farm*, 2024 WL 4145022, at *1. After the date passed, defendants served a report (the "Bederson Report") that included combinations that were not in the defendants' final selection. *Id.* The Court applied the good cause standard "[b]ecause service of the Bederson Report amount[ed] to a violation of the Court's Scheduling Order" and stated that "Defendants must therefore show good cause to support the inclusion of these additional combinations." *Id.* at *2. Ultimately, the defendants were unable to demonstrate good cause because they were not diligent in seeking leave, so the Court excluded the Bederson Report. *Id.*

Although the Scheduling Order here lacks an explicit narrowing of prior art deadline, Dr. Plock's opening report effectively made a final selection of obviousness theories that he could present at trial. His expansion of combinations in his reply report beyond the combinations in his opening report, like the Bederson Report, "amounts to a violation of the Court's Scheduling Order" and Prolitec "must therefore show good cause to support the inclusion of these additional combinations." *Id.* Given Prolitec's lack of diligence in seeking leave, Prolitec, like the defendants in *State Farm*, cannot demonstrate good cause to include Dr. Plock's new theories. Therefore, Dr. Plock's new theories should also be excluded under the good cause standard.

Whether under the *Pennypack* factors evaluated in the letter briefs to date or the Rule 16 standard addressed in the parties' supplemental letter briefs, Dr. Plock's new invalidity theories come too late and should be excluded from this case.

Respectfully submitted,

*/s/ Steven L. Caponi*

Steven L. Caponi (No. 3484)

cc:     All counsel of record (Via Electronic Filing)

2