# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| PROLITEC INC., | : |
|  | : |
| Plaintiff/Counter-Defendant, | : |
|  | : C.A. No. 20-984-WCB |
| v. | : |
|  | : |
| SCENTAIR TECHNOLOGIES, LLC, | : |
|  | : |
| Defendant/Counter-Plaintiff. | : |

**LETTER TO THE HONORABLE WILLIAM C. BRYSON
FROM BRIAN R. LEMON, ESQ. REGARDING WHETHER
THE COURT SHOULD EVALUATE SCENTAIR'S MOTION TO
STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 16
GOOD CAUSE STANDARD OR THE *PENNYPACK* FACTORS**

Dated: September 25, 2024

OF COUNSEL:

Marc C. Levy
Syed M. Abedi
Brian McQuillen
Jessica S. Gritton
Emily M. Ross
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel: (206) 622-4900
MarcL@seedip.com
SyedA@seedip.com
Brian.McQuillen@seedip.com
Jessica.Gritton@seedip.com
Emily.Ross@seedip.com

Brian R. Lemon (#4730)
AKERMAN LLP
222 Delaware Avenue, Suite 1710
Wilmington, DE 19801
Telephone: (302) 596-9200
brian.lemon@akerman.com

*Attorneys for Plaintiff Prolitec Inc.*

78136303;1

Judge Bryson:

      We write in response the Court's order (D.I. 361) to address whether the Court should evaluate ScentAir's motion to strike (D.I. 354) under the Federal Rule of Civil Procedure ("Rule") 16 good cause standard or the Rule 37 *Pennypack* factors.

      To date, the parties have agreed that the *Pennypack* factors outlined by the Third Circuit are applicable here. *See* D.I. 354, p. 5. The reliance on these factors to address motions to strike allegedly untimely expert testimony has been approved by this Court. For Example, in *Novartis*, the Court addressed a motion to strike a 23-page supplemental expert report that was served after the deadline for reply reports. *Novartis Pharms. Corp. v. Actavis, Inc.*, No. CV 12-366-RGA-CJB, 2013 WL 7045056, at *1 (D. Del. Dec. 23, 2013). In its decision to deny the motion to strike, the Court applied *Pennypack*, stating "[i]n considering whether to exclude an untimely or otherwise improper expert disclosure, the Third Circuit has directed district courts to weigh certain factors, known as 'the *Pennypack* factors.'" *Id*. at *7. *See also Withrow v. Spears*, 967 F. Supp. 2d 982, 1000 (D. Del. 2013).

      Prolitec acknowledges, however, that in some cases, this Court has addressed motions to strike expert testimony under both the good cause standard of Rule 16 and the *Pennypack* factors or even using the Rule 16 standard alone. *See In re ChanBond, LLC Pat. Litig.*, No. 15-CV-842-RGA, 2019 WL 2098316, at *2-3 (D. Del. May 14, 2019); *State Farm Mut. Auto. Ins. Co. v. Amazon.com, Inc.*, No. CV 22-1447-CJB, 2024 WL 4145022, at *2 (D. Del. Sept. 11, 2024).

      But, even if the good cause standard of Rule 16 is applied, ScentAir's motion should be denied because Prolitec has been diligent in its efforts to comply with the Court ordered schedule in this case. As explained in its letter brief (D.I. 358), the challenged testimony addresses validity opinions that, despite Prolitec's diligence during discovery, were presented for the first time in the rebuttal report of ScentAir's expert. Prolitec responded to these opinions at its first opportunity.

      This Court's decision in *ChanBond* is instructive here. There the plaintiff moved to strike portions of a reply expert report that discussed a new combination of references that were discussed separately in the opening report. *ChanBond*, 2019 WL 2098316, at *1. Defendants argued that they were diligent because the alleged deficiencies of the newly combined references were first disclosed in the rebuttal report of plaintiff's expert. *Id*. at *2. As here, Defendants had previously sought plaintiff's validity positions through a contention interrogatory, but plaintiff had only provided boilerplate responses without explanation. *Id*. The Court found that plaintiff had disclosed its validity positions for the first time in their rebuttal report and therefore the defendants had good cause to address them in their reply report. *Id*. at *2-*3. The Court also found that the *Pennypack* factors did not support exclusion of the challenged testimony. *Id*. at *3.

      As in *ChanBond*, the challenged testimony responds to expert opinions that were presented for the first time in the rebuttal report of ScentAir's expert. Prolitec was diligent during discovery in seeking facts regarding the origins of the asserted patent and ScentAir's validity positions but ScentAir's rebuttal opinions as to alleged deficiencies of cited prior art references were not previously disclosed. Shortly after ScentAir's rebuttal report was filed, ScentAir's infringement claims were stayed with expert discovery recommencing only recently after the parties addressed issues of patent eligibility and claim construction. Prolitec was diligent in presenting the

2

challenged testimony at its first opportunity as part of the reply report of its expert. Accordingly, ScentAir's motion to strike should be denied.

Respectfully submitted,

/s/ *Brian R. Lemon*

Brian R. Lemon (#4730)

cc:  All Counsel of Record

78136303;1