IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROLITEC INC., | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant*, | § | |
| | § | |
| v. | § | Civil Action No. 20-984-WCB |
| | § | |
| SCENTAIR TECHNOLOGIES, LLC, | § | **FILED UNDER SEAL** |
| | § | |
| *Defendant/Counterclaim Plaintiff*. | § | |
| | § | |

## MEMORANDUM ORDER

ScentAir Technology, LLC ("ScentAir") has moved to strike paragraphs 119 and 122–131 of the reply report filed by Prolitec Inc.'s expert, Dr. Plock. Dkt. No. 354. ScentAir seeks to strike Dr. Plock's opinions regarding the in table/out table limitation and obviousness combinations involving the Barclays Center system. *Id.* For the reasons below, the motion is granted in part and denied in part.

1. The in table/out table dispute was first substantively raised by ScentAir's expert, Mr. Dezmelyk, in his rebuttal report. ScentAir's validity contention interrogatory response did not address the omission of the in table/out table limitation from Prolitec's obviousness combinations. *See* Dkt. No. 358-1 at 44. In his reply report, Dr. Plock stated that the in table and out table functions could be performed by either a single table or two tables. That was a permissible response, especially in view of ScentAir's interrogatory response. There is therefore no reason to exclude paragraphs 119 and 120–125 of Dr. Plock's report and any testimony he may give based on those portions of his report. *See In re ChanBond, LLC Pat. Litig.*, No. 15-CV-842-RGA, 2019 WL 2098316, at *3 (D. Del. May 14, 2019) (finding that "merely list[ing] the claim limitations

1

that each reference allegedly failed to disclose, without any explanation" did not constitute adequate disclosure of a validity theory).

2. The second issue raised by ScentAir is more difficult. As an initial matter, I had asked the parties for supplemental briefing on whether Rule 16's good cause standard or the *Pennypack* factors should govern this dispute. But, because I find that the opinions should be excluded even under the more lenient *Pennypack* factors, as discussed below, I need not decide whether the good cause standard from Rule 16 applies to this dispute.

Late in fact discovery, Prolitec first learned of the sale of a scenting system to the Barclays Center in Brooklyn, New York. After fact discovery closed and five days before Dr. Plock's opening report was due for submission to ScentAir, ScentAir produced documents regarding that sale. In his opening report, Dr. Plock stated that the sale of the scenting system to the Barclays Center raised an on-sale bar to patentability and therefore rendered the asserted claims invalid.

In his reply report, Dr. Plock raised a new set of issues based on the role of the Barclays Center system in Prolitec's obviousness analysis. For the first time, Dr. Plock raised the Barclays Center system as a prior art reference and argued that the Barclays Center system, viewed in combination with various other prior art references, rendered the asserted claims invalid for obviousness.

ScentAir objects that the introduction of the Barclays Center system into a number of obviousness combinations for the first time in Dr. Plock's reply report comes too late and that the pertinent paragraphs of Dr. Plock's report (along with any testimony based on those paragraphs) should be excluded.

Prolitec responds that its obviousness theories incorporating the Barclays Center system should not be excluded, because the Barclays Center system was disclosed late in fact discovery

2

and the relevant documents were produced only a few days before Dr. Plock's opening report was due.

There is some force to that argument. However, as ScentAir points out, Prolitec had sufficient time to use the Barclays Center system as the basis for the on-sale bar issue raised in Dr. Plock's report, so it is difficult to understand why Prolitec could not have incorporated the Barclays Center system into Dr. Plock's obviousness analysis at that time as well.

Moreover, even if there was not time to include the Barclays Center system reference in Dr. Plock's initial report, Prolitec could have sought leave to supplement Dr. Plock's opening report with those paragraphs at some later time but still prior to the time that Mr. Dezmelyk's rebuttal report was due. That would have avoided the problem presented by delaying disclosure of the Barclays-based obviousness theories until Dr. Plock's reply report, when Mr. Dezmelyk would have no opportunity to respond to it.

Prolitec has not offered any explanation for its failure to seek leave to supplement Dr. Plock's opening report during the 30-day period between the time that report was submitted and the time Mr. Dezmelyk's report was due. Although there is no suggestion that Prolitec acted in bad faith in failing to seek leave to supplement Dr. Plock's opening report, I find that its failure to do so and its lack of explanation now weigh in favor of exclusion.

Further, although Prolitec asserts that "the challenged testimony is necessary for a full and fair evaluation of the parties' obviousness assertions," Prolitec offers no explanation for why these opinions, which amount to little more than a laundry list of potential combinations, are particularly important to Prolitec's invalidity case. Thus, I agree with ScentAir that Dr. Plock's omission of these opinions in his opening report suggests that they are relatively unimportant. That conclusion is further supported by the parties' agreement that Prolitec has multiple other invalidity positions

that will remain, including Prolitec's "on-sale bar" theory based on the Barclays Center system. Thus, the overall minimal importance of the opinions weighs in favor of exclusion. *See Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 194 (3d Cir. 2007) (finding partial exclusion of expert testimony to be "not too harsh a sanction").

Finally, Prolitec suggests that if I am inclined to provide any remedy to ScentAir, it should be, at most, an opportunity to file a sur-reply report from Mr. Dezmelyk, limited to Dr. Plock's obviousness theories based in part on the Barclays Center system.

ScentAir complains that adopting that course of action would be burdensome and time-consuming for ScentAir. Moreover, as ScentAir points out, Dr. Plock's new obviousness theories include multiple new combinations of references with the Barclays Center system reference. By my count, these theories span 24 new potential combinations, and Dr. Plock's reply report fails to suggest which of those 24 combinations Prolitec plans to pursue at trial. Responding to that number of assertions of obviousness would involve a considerable amount of new work on the part of Mr. Dezmelyk and the ScentAir attorneys. Further, it would be unfeasible to try 24 obviousness combinations, so much of the work put into preparing a sur-reply report would be rendered irrelevant by the time of trial. Because Prolitec failed to seek leave to amend Dr. Plock's opening report—an option that would have avoided this problem altogether—and instead waited until after Mr. Dezmelyk had filed his report to disclose the numerous new combinations of obviousness references, I conclude that, on balance, the burden of filing a sur-reply report should not be imposed on ScentAir. As Prolitec has proposed no other potential remedies, I find the prejudice to ScentAir and the inability to adequately cure the prejudice weigh in favor of exclusion.

In sum, I find that the *Pennypack* factors, on the whole, weigh in favor of exclusion. *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (explaining the factors). I

4

will therefore grant ScentAir's motion to strike the pertinent portions of Dr. Plock's reply report, paragraphs 126-131, and any testimony at trial based on those paragraphs.

\*   \*   \*

In an abundance of caution, this order has been filed under seal because the parties' briefs and exhibits regarding the present motion were filed under seal. Within three business days of the issuance of this order, the parties are directed to advise the court by letter whether they wish any portions of the order to remain under seal. Any request that portions of the order should remain under seal must be supported by a particularized showing of need to limit public access to those portions of the order.

IT IS SO ORDERED.

SIGNED this 2nd day of October, 2024.

_William C. Bryson_
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE